GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
JASON S. KIM, SBN 307532
  jkim@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
  abarrera@gibsondunn.com
ASHLEY M. ROGERS, SBN 286252
  arogers@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:   415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendant Facebook, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INTEGRITYMESSAGEBOARDS.COM, LLC, RETOUR, INC., <br><br>Plaintiffs, <br><br>v. <br><br>FACEBOOK, INC., <br><br>Defendant. | Case No. 4:18-cv-05286 PJH <br><br>**DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND ALL REQUESTS FOR EQUITABLE RELIEF** <br><br>Hon. Phyllis J. Hamilton <br><br>Hearing:  September 23, 2020 at 9:00 a.m. |

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 23, 2020, at 9:00 a.m. in Courtroom 3 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, Defendant Facebook, Inc. will and hereby does move for an order dismissing Count I of Plaintiffs' First Amended Complaint and all requests for equitable relief.  This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiffs may not pursue a claim for equitable relief under California Business & Professions Code §§ 17200 *et seq*. because they have an adequate remedy at law.  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

**STATEMENT OF RELIEF SOUGHT**

Facebook seeks an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing with prejudice Count I and all requests for equitable relief.

DATED:  July 27, 2020              GIBSON, DUNN & CRUTCHER LLP

                                   By:    */s/ Christopher Chorba*
                                          Christopher Chorba
                                   *Attorneys for Defendant Facebook, Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................ 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................................. 2

III. PROCEDURAL HISTORY AND SUMMARY OF ALLEGED FACTS ............................... 2

IV. THE LEGAL STANDARDS GOVERNING THIS MOTION .................................................. 3

V. PLAINTIFFS MAY NOT PURSUE THEIR EQUITABLE UCL CLAIM OR SEEK EQUITABLE RELIEF BECAUSE THEY HAVE AN ADEQUATE REMEDY AT LAW ......................................................................................................................................... 3

VI. CONCLUSION ................................................................................................................. 9

i

DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND ALL REQUESTS FOR EQUITABLE RELIEF
CASE NO. 4:18-CV-05286 PJH

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aberin v. Am. Honda Motor Co.*,
   No. 16-04384-JST, 2018 WL 1473085 (N.D. Cal. Mar. 26, 2018) ..................................................8

*Adkins v. Comcast Corp.*,
   No. 16-05969-VC, 2017 WL 3491973 (N.D. Cal. Aug. 1, 2017) ....................................................8

*Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*,
   69 F.3d 381 (9th Cir. 1995)...........................................................................................................3

*Bird v. First Alert, Inc.*,
   No. C-14-3585-PJH, 2014 WL 7248734 (N.D. Cal. Dec. 19, 2014).......................................5, 8, 9

*Cooper Indus. v. Leatherman Tool Grp.*,
   532 U.S. 424 (2001).....................................................................................................................6

*Durkee v. Ford Motor Co.*,
   No. C-14-0617-PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) .................................4, 5, 6, 8, 9

*Equitable Life & Cas. Ins. Co. v. Lee*,
   310 F.2d 262 (9th Cir. 1962).........................................................................................................3

*Fonseca v. Goya Foods Inc.*,
   No. 16-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016)..................................................6

*In re Ford Tailgate Litig.*,
   No. 11-2953-RS, 2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) .....................................................6

*Franklin v. Gwinnett Cty. Pub. Sch.*,
   503 U.S. 60 (1992).......................................................................................................................3

*Gardner v. Safeco Ins. Co. of Am.*,
   No. 14-02024-JCS, 2014 WL 2568895 (N.D. Cal. June 6, 2014) ...............................................6, 8

*Hilton v. Mumaw*,
   522 F.2d 588 (9th Cir. 1975).........................................................................................................3

*Ileto v. Glock, Inc.*,
   349 F.3d 1191 (9th Cir. 2003).......................................................................................................3

*Loo v. Toyota Motor Sales, USA, Inc.*,
   No. 19-00750, 2019 WL 7753448 (C.D. Cal. Dec. 20, 2019) ................................................3, 7, 8

ii

DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND ALL REQUESTS FOR EQUITABLE RELIEF
CASE NO. 4:18-CV-05286 PJH

*Loo v. Toyota Motor Sales, USA, Inc.*,
   No. 19-00750, 2020 WL 4187918 (C.D. Cal. Apr. 10, 2020) ......................................................... 6

*Moore v. Consolidated Edison Co. of N.Y.*,
   409 F.3d 506 (2d Cir. 2005) ............................................................................................................. 7

*Moss v. Infinity Ins. Co.*,
   197 F. Supp. 3d 1191 (N.D. Cal. 2016) ........................................................................................... 8

*Mullins v. Premier Nutrition Corp.*,
   No. 13-01271-RS, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018) ...................................................... 4

*Munning v. Gap, Inc.*,
   238 F. Supp. 3d 1195 (N.D. Cal. 2017) ........................................................................................... 8

*Nguyen v. Nissan N. Am., Inc.*,
   No. 16-05591-LHK, 2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) ................................................ 3

*Nwosu v. Uba*,
   122 Cal. App. 4th 1229 (2004) ........................................................................................................ 3

*Outdoor Media Grp. v. City of Beaumont*,
   506 F.3d 895 (9th Cir. 2007) ........................................................................................................... 8

*Philips v. Ford Motor Co.*,
   726 F. App'x 608 (9th Cir. 2018) ............................................................................................... 4, 7

*Philips v. Ford Motor Co.*,
   No. 14-02989-LHK, 2015 WL 4111448 (N.D. Cal. July 7, 2015) ............................................. 6, 8

*Rhynes v. Stryker Corp.*,
   No. 10-5619-SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011) ..................................................... 8

*Sansoe v. Ford Motor Co.*,
   No. 13-5043-PJH, 2017 WL 4025218 (N.D. Cal. Sept. 13, 2017) ................................................... 5

*Schroeder v. United States*,
   569 F.3d 956 (9th Cir. 2009) ........................................................................................................... 6

*Somers v. Apple Inc.*,
   729 F.3d 953 (9th Cir. 2013) ........................................................................................................... 3

*Sonner v. Premier Nutrition Corp.*,
   962 F.3d 1072 (9th Cir. 2020) .......................................................................................... 1, 4, 8, 9

*Summit Estate, Inc. v. Cigna Healthcare of Cal.*,
   No. 17-03871-LHK, 2017 WL 4517111 (N.D. Cal. Oct. 10, 2017) ................................................ 6

*Vicuna v. Alexia Foods, Inc.*,
   No. 11-6119-PJH, 2012 WL 1497507 (N.D. Cal. Apr. 27, 2012) ................................................... 5

iii

DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND ALL REQUESTS FOR EQUITABLE RELIEF
CASE NO. 4:18-CV-05286 PJH

*Wildin v. FCA US LLC*,
  No. 17-02594, 2018 WL 3032986 (S.D. Cal. June 19, 2018) ............................................................. 8

*Zhenhua Logistics (Hong Kong) Co. v. Metamining, Inc.*,
  No. 13-2658-EMC, 2013 WL 3360670 (N.D. Cal. July 3, 2013) ....................................................... 6

**Statutes**

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ................................................................................................ 1

**Other Authorities**

Cal. Civ. Jury Instructions 1900 *et seq.* ................................................................................................ 3

iv

DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND ALL REQUESTS FOR EQUITABLE RELIEF
CASE NO. 4:18-CV-05286 PJH

I.  **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff IntegrityMessageBoards.com LLC ("IMB") launched this case nearly two years ago, raising a single claim for equitable relief under the Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code §§ 17200 *et seq*.). IMB asserted *no* purely legal claims, nor did it seek damages or other legal relief. In amending its complaint after more than a year of discovery to raise two new legal claims for damages as well as a request for punitive damages, Plaintiff IMB—now joined by Plaintiff Retour, Inc.—has effectively conceded that there is an adequate remedy at law for the alleged wrongs at issue in this case. As this Court has held, if plaintiffs plead an adequate remedy at law, they may not pursue purely equitable relief through the UCL. Just last month, the Ninth Circuit affirmed this principle in another case, ruling that the plaintiff's attempt to amend her complaint to abandon all of her legal claims and seek only equitable relief justified the district court's dismissal of the entire lawsuit with prejudice. *See Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir. 2020).

Facebook does not seek dismissal of this entire action, but this Court should dismiss the purely equitable UCL claim as well as all requests for equitable relief. By asserting claims for legal relief after the case has been pending for nearly two years, Plaintiffs in this case also have undermined their ability to assert that their legal remedies are somehow "inadequate"—an established prerequisite for seeking injunctive relief in federal court. In fact, Plaintiffs' counsel apparently believe that Facebook's conduct warrants *punitive* damages—the most extreme form of legal relief that is available in the civil justice system. Facebook vigorously disputes Plaintiffs' allegations, that Plaintiffs may obtain class certification, or that Plaintiffs will prevail on any of their claims. But the allegations establish the adequacy of the legal remedies alleged in the complaint.

The time for pleading in the alternative has passed. After a number of adjustments to the schedule, the class certification deadlines are fast approaching, and the time has come to streamline this case. Facebook did not ask Plaintiffs to amend their complaint, and it actively opposed this late amendment deadline at the Initial Case Management Conference. But because Plaintiffs have now asserted purely legal claims, they have undermined any attempt to seek equitable relief. Accordingly, this Court should dismiss the UCL claim—and Plaintiffs' corresponding requests for equitable relief—with prejudice.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiffs may continue to pursue a claim under California Business & Professions Code §§ 17200 *et seq.* where their complaint alleges claims that could provide them with an adequate remedy at law.

## III. PROCEDURAL HISTORY AND SUMMARY OF ALLEGED FACTS

Plaintiff IMB filed its original complaint in this action on August 28, 2018, bringing a single claim for alleged violations of the UCL.  Dkt. 1.  In that complaint, IMB alleged that Facebook "programmatically" served advertisements to individuals who did not satisfy the demographic criteria that IMB had selected when defining its "target audience" (i.e., older, college educated, high-income homeowners in the United States).  *See, e.g.*, *id.* ¶ 48.  Following the denial of Facebook's motion to dismiss on February 20, 2019 (on different grounds from those asserted in this Motion), the parties commenced discovery, aiming to focus on information Plaintiff IMB believed it needed in order to certify a class.

More than a year later, after serving more than a hundred written discovery requests, receiving thousands of pages of documents from Facebook, and taking two Rule 30(b)(6) depositions—and after multiple extensions of the amendment deadline (Dkts. 60, 97, 102)—Plaintiff filed its First Amended Complaint.  Dkt. 113 ("FAC").  That complaint, which adds a new plaintiff as well as additional counsel, pivots from IMB's earlier theory that advertisements were "programmatically" served outside the target audience to claim that Facebook misled Plaintiffs about the quality of the data used to generate the parameters that they used to target their advertisements.  *E.g.*, *id.* ¶ 145.

Based on these allegations, the FAC asserts two new legal claims for common law fraud as well as deceit under California Civil Code § 1709.  For these claims, Plaintiffs seek several new and additional remedies beyond injunctive relief, declaratory relief, and restitution, including "actual damages (or in the alternative, nominal damages) and punitive damages" as well as disgorgement. *Id.* ¶¶ 162, 170, and Prayer for Relief.  The FAC also adds eight paragraphs of allegations relating to Plaintiffs' request for punitive damages.  *Id.* ¶¶ 124–31.

Facebook denies these allegations and disagrees that they can serve as the foundation for

classwide relief. But even if they are assumed to be true, Count I of the First Amended Complaint for alleged violations of the UCL—the only count from the original complaint—and all requests for equitable relief must be dismissed because Plaintiffs have alleged claims that could provide them with an adequate remedy at law.

## IV. THE LEGAL STANDARDS GOVERNING THIS MOTION

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *See Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *See Somers v. Apple Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

## V. PLAINTIFFS MAY NOT PURSUE THEIR EQUITABLE UCL CLAIM OR SEEK EQUITABLE RELIEF BECAUSE THEY HAVE AN ADEQUATE REMEDY AT LAW

It is a foundational tenet of equity that a plaintiff may not pursue a claim for equitable relief unless it can "show that the remedies available at law are inadequate." *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992) ("[I]t is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief."). "[T]here is no right to equitable relief or an equitable remedy when there is an adequate remedy at law." *Nguyen v. Nissan N. Am., Inc.*, No. 16-05591-LHK, 2017 WL 1330602, at *4 (N.D. Cal. Apr. 11, 2017) (quotations omitted).

Plaintiffs' claims for common-law fraud and deceit under Civil Code § 1709 (Counts II-III) are *legal* claims. *See, e.g.*, *Hilton v. Mumaw*, 522 F.2d 588, 598 (9th Cir. 1975) (claim of "common law fraud must go to the jury"); *Nwosu v. Uba*, 122 Cal. App. 4th 1229, 1231 (2004) (contrasting a "claim for fraud" to "several equitable claims"); *Equitable Life & Cas. Ins. Co. v. Lee*, 310 F.2d 262, 266 (9th Cir. 1962) (contrasting "actions in equity for rescission" with "actions at law for deceit"); *see also* CACI 1900 *et seq*. (California civil jury instructions for "fraud or deceit").

Equally indisputable is the fact that Plaintiffs' claim under the UCL (FAC ¶¶ 152–53) is a purely *equitable* claim seeking purely *equitable* relief. *Loo v. Toyota Motor Sales, USA, Inc.*,

3

No. 19-00750, 2019 WL 7753448, at *13 (C.D. Cal. Dec. 20, 2019) ("Unfair Competition Law claims are equitable claims."). As this Court explained in *Durkee v. Ford Motor Co.*, No. C-14-0617-PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014), when considering equitable claims brought under the UCL and legal claims brought under the Song-Beverly Act, "[a] plaintiff seeking equitable relief"—including "under the UCL"—must establish that there is no adequate remedy at law available." *Id*. at *2. Because the plaintiff in that case had an adequate legal remedy under the Song-Beverly Act, this Court concluded that the equitable UCL claim should be dismissed in its entirety. *Id*. at *3.

In assessing whether Plaintiffs have met their burden of showing that their legal remedy is inadequate, the question is not whether Plaintiffs are *likely* to prevail on their legal claims (which they are not). Rather, it is whether, assuming Plaintiffs *could* prevail, the remedy available would be "adequate." *Mullins v. Premier Nutrition Corp.*, No. 13-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018). Here, if Plaintiffs succeed, the legal remedies they have now decided to seek would compensate them for all of the harms they allege they have suffered.

The Ninth Circuit recently considered the interaction between legal claims and equitable UCL claims in *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir. 2020). There, the plaintiff initially brought an equitable claim under the UCL for injunctive relief and restitution, as well as a claim under the California Consumers Legal Remedies Act (CLRA) for injunctive relief, restitution, and damages. After the court certified a class and denied the defendant's motion for summary judgment, the plaintiff decided to drop her legal claim (under the CLRA) to avoid a jury trial. *Id*. at 1074. The defendant then moved to dismiss the UCL claim, arguing that the plaintiff had not shown that she lacked an adequate legal remedy. *Id*. at 1075. The district court granted the motion and dismissed the case with prejudice. The Ninth Circuit affirmed, explaining that "a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA." *Id*. at 1078. Because the plaintiff had not alleged that she lacked an adequate legal remedy—and, in fact, had undermined any such allegation by seeking restitution in the same amount as her request for compensatory damages—the court concluded she had failed to show she lacked an adequate remedy at law, and affirmed the district court's decision to dismiss her UCL claim (for restitution and

4

DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND ALL REQUESTS FOR EQUITABLE RELIEF
CASE NO. 4:18-CV-05286 PJH

injunctive relief) without further leave to amend. *Id*. at 1082; *see also Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) (explaining that "[t]he equitable remedies available under the Unfair Competition Law (UCL) and the Consumer[s] Legal Remedies Act are 'subject to fundamental equitable principles, including inadequacy of the legal remedy'" (internal citations omitted)).

This Court has reached similar conclusions in several cases bringing UCL claims alongside legal claims. For example, in *Bird v. First Alert, Inc.*, No. C-14-3585-PJH, 2014 WL 7248734 (N.D. Cal. Dec. 19, 2014), the Court granted a motion to dismiss and held that the plaintiff, who had alleged claims under the UCL and CLRA, and asserted, in perfunctory fashion, that she lacked an adequate remedy at law, could not "seek restitution under the UCL because she has an adequate remedy at law in her claim for damages under the CLRA." *Id*. at *5. This Court also rejected the plaintiff's claim that she lacked an adequate remedy to deal with "the category of future harm," stating such an argument was "speculative" and that the plaintiff had not established standing to seek prospective relief in any event. *Id*.

And in *Durkee v. Ford Motor Co.*, this Court dismissed claims for equitable relief (i.e., restitution) under the UCL and CLRA because the plaintiff had an adequate remedy at law under the Song-Beverly Act. 2014 WL 4352184, at *3. It also dismissed the injunctive relief portion of the CLRA claim because the CLRA provided for damages, which was also an adequate remedy at law, and the plaintiff had not alleged that such a remedy was inadequate. *Id*.; *see also Sansoe v. Ford Motor Co.*, No. 13-5043-PJH, 2017 WL 4025218, at *2 (N.D. Cal. Sept. 13, 2017) (granting summary judgment to defendants (who had not previously filed a motion to dismiss), on a UCL claim because the UCL claim sought "restitution and injunctive relief, and plaintiffs ha[d] an adequate remedy at law").[1] Nor is this Court alone in these holdings—many other district court decisions in

---

[1] *Vicuna v. Alexia Foods, Inc.*, No. 11-6119-PJH, 2012 WL 1497507 (N.D. Cal. Apr. 27, 2012), permitted plaintiffs to proceed with an equitable claim for unjust enrichment alongside a legal claim for breach of contract on the ground that "at the pleading stage, a plaintiff is allowed to assert inconsistent theories of recovery." *Id*. at *3. As detailed in the procedural history and discussed further below, after more than a year of discovery, Plaintiffs in this case are no longer at the stage where alternative pleading might be appropriate. This Court's subsequent decisions in *Bird* and *Durkee* also confirm the propriety of dismissing equitable claims at the pleadings stage, and *Sonner* is now binding law in this Circuit.

the Ninth Circuit predating *Sonner* reached the same conclusion and dismissed equitable claims at the pleadings stage where the plaintiffs were also seeking legal remedies.[2]

Plaintiffs' UCL claim here fails for several similar reasons. <u>First</u>, the Ninth Circuit has explained that "equitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009).  Thus, the mere *existence* of an adequate legal remedy—even if not sought by the plaintiff—can make equitable relief inappropriate. *Id*.; *see also Durkee*, 2014 WL 4352184, at *3 (dismissing request for injunctive relief under the CLRA because the statute allows for damages, even though plaintiffs did not request damages); *Loo v. Toyota Motor Sales, USA, Inc.*, No. 19-00750, 2020 WL 4187918, at *8 (C.D. Cal. Apr. 10, 2020) (dismissing request for injunctive relief under CLRA because complaint was "devoid of substantive allegations" that legal claims would not provide plaintiffs with a remedy).  Plaintiffs apparently agree that legal remedies for their alleged harms "exist[]"—otherwise, why amend their complaint at this stage of the litigation to plead fraud and deceit?  The fact that Plaintiffs have pleaded these damages claims is reason enough to dismiss their UCL claim.

<u>Second</u>, Plaintiffs do not allege at any point in their First Amended Complaint that damages—i.e., refunds for the alleged overpayment for their advertising campaigns—are not an adequate remedy for their alleged harms.  FAC ¶¶ 151, 161, 169.  In fact, taking Plaintiffs' allegations as true implies the opposite conclusion.  And they offer no explanation as to why actual damages—and certainly *punitive* damages, which are intended to "deter future wrongdoing" (*Cooper Indus. v. Leatherman Tool Grp.*, 532 U.S. 424, 432 (2001))—would not protect them from any harm that allegedly befell them in the past or that might befall them in the future.  *See, e.g.*, *Zhenhua Logistics*

---

[2] *See, e.g.*, *Summit Estate, Inc. v. Cigna Healthcare of Cal.*, No. 17-03871-LHK, 2017 WL 4517111, at *12 (N.D. Cal. Oct. 10, 2017) (plaintiff could not seek relief under the UCL because it had not alleged its legal remedies were inadequate); *Fonseca v. Goya Foods Inc.*, No. 16-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (same); *Philips v. Ford Motor Co.*, No. 14-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) (dismissing request for injunctive relief where plaintiffs also sought damages for a fraudulent concealment claim); *Gardner v. Safeco Ins. Co. of Am.*, No. 14-02024-JCS, 2014 WL 2568895, at *8 (N.D. Cal. June 6, 2014) (dismissing claim for equitable relief where plaintiffs "fail[] to explain how [their] alleged injury cannot be remedied by the payment of damages"); *In re Ford Tailgate Litig.*, No. 11-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) (dismissing equitable relief claims that relied on the same factual predicates as the legal claims); *see also infra* pp. 7–8.

*(Hong Kong) Co. v. Metamining, Inc.*, No. 13-2658-EMC, 2013 WL 3360670, at *1 (N.D. Cal. July 3, 2013) (stating that, "[w]here there is an adequate remedy at law, . . . injunctions are unavailable except in extraordinary circumstances" (quoting *Moore v. Consolidated Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005))). That requires dismissal of their claim for equitable relief. *See Philips*, 726 F. App'x at 609 (affirming dismissal of equitable claims because plaintiffs "were required to plead the inadequacy of their legal remedies"); *see also* note 2, *supra*.

<u>Third</u>, even if Plaintiffs had alleged that their legal remedies were "inadequate," their UCL claim would still fail because Plaintiffs' fraud, deceit, and UCL claims rest on the same underlying factual allegations. *Loo*, 2019 WL 7753448, at *13. Plaintiffs' core theory is that Facebook "misrepresented . . . its intention and ability to accurately display ads to users who matched the targeting criteria advertisers selected through Facebook's targeting interface." FAC ¶ 145 (alleging a violation of the UCL). The FAC repeats this identical allegation for the legal claims. *Id.* ¶ 155 ("Facebook . . . misrepresented . . . its intention and ability to accurately display ads to users who matched the targeting criteria advertisers selected through Facebook's targeting interface."); *id.* ¶ 164 ("Facebook . . . misrepresented . . . its intention and ability to accurately display ads to users who matched the targeting criteria advertisers selected through Facebook's targeting interface.").

To remedy this alleged misconduct, Plaintiffs seek actual damages, punitive damages, restitution, disgorgement, and "equitable, injunctive and declaratory relief . . . including an order requiring Facebook to disclose to advertisers the rates of any and all individual targeting categories that Facebook offers advertisers for defining target audiences in Facebook's targeting interface." FAC, Prayer for Relief. The basis for this requested relief is a theory that "[h]ad Plaintiffs and other members of the Class known the truth about the material inaccuracy of the data Facebook used for targeting advertisements, they would not have agreed to pay anything at all for those ads, or at a minimum would have paid Facebook substantially less for those ads." *Id.* ¶ 161; *see also id.* ¶ 169 ("But for Facebook's misrepresentations and omissions of material fact, Plaintiffs and the Class would have paid less (or nothing) for the advertisements they placed, or refused to advertise on Facebook altogether."). Those allegations are virtually identical to the allegations supporting their claim under the UCL, which states that "[i]f Facebook had disclosed the truth, and not made

7

DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND ALL REQUESTS FOR EQUITABLE RELIEF
CASE NO. 4:18-CV-05286 PJH

misrepresentations, Plaintiffs would have behaved differently, and paid less (or nothing) for their advertisements, or refused to advertise on Facebook altogether." *Id*. ¶ 151; *see also Sonner*, 962 F.3d at 1082.

Of course, Facebook disputes that any advertisers were deceived, but taking these allegations as true, as this Court must on a motion to dismiss (*Outdoor Media Grp. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir. 2007)), the allegations in the First Amended Complaint make clear that Plaintiffs' requested remedies are meant to redress a common course of alleged misconduct.  Thus, the fact that Plaintiffs' equitable remedies are duplicative of the legal remedies is yet another reason why Plaintiffs' UCL claim should be dismissed with prejudice.  *See, e.g.*, *Loo*, 2019 WL 7753448, at *13 (dismissing UCL claim that relied on the "same factual predicates" as the legal claims).

Plaintiffs may counter that they are permitted to plead an equitable remedy in the alternative to their legal claims.  But many courts in this district, including this Court, have rejected this argument.  *See*, *e.g.*, *Durkee*, 2014 WL 4352184, at *2–3; *Bird*, 2014 WL 7248734, at *6; *Philips*, 2015 WL 4111448, at *16; *see also Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203–04 (N.D. Cal. 2017); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016); *Gardner*, 2014 WL 2568895, at *7–8; *Rhynes v. Stryker Corp.*, No. 10-5619-SC, 2011 WL 2149095, at *3–4 (N.D. Cal. May 31, 2011).

Those courts that permit alternative pleading generally do so on the ground that discovery might reveal that a plaintiff's remedy at law is inadequate.  *See, e.g.*, *Wildin v. FCA US LLC*, No. 17-02594, 2018 WL 3032986, at *7 (S.D. Cal. June 19, 2018) (permitting equitable claim to be pled in the alternative because "discovery may reveal that the [plaintiff's] claims providing legal remedies are inadequate for any number of reasons, despite the fact that their allegations appear adequate"); *see also Aberin v. Am. Honda Motor Co.*, No. 16-04384-JST, 2018 WL 1473085, at *9 (N.D. Cal. Mar. 26, 2018); *Adkins v. Comcast Corp.*, No. 16-05969-VC, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017).  But that is the *opposite* of what has occurred here.  As noted above, Plaintiff IMB commenced this lawsuit in 2018 and alleged a single claim for equitable relief under the UCL. Dkt. 1.  After more than a year of discovery, including the production of thousands of pages of internal Facebook documents (a number of which are quoted in the FAC), several depositions,

8

DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND ALL REQUESTS FOR EQUITABLE RELIEF
CASE NO. 4:18-CV-05286 PJH

extensive written discovery, and substantive in-person meetings between the parties about the allegations, Plaintiffs seemingly decided that they now have adequate legal remedies to pursue that were not available when Plaintiff IMB filed its original complaint. There is accordingly no ground to continue to permit Plaintiffs to assert equitable claims in the alternative.

## VI.  CONCLUSION

Given the progression of this case and the ample discovery Plaintiffs have been given, as well as Plaintiffs' choice to amend their complaint to seek legal relief, including punitive damages, they have an adequate remedy at law. Their UCL claim and requests for equitable relief—including for injunctive relief, restitution, and declaratory relief—therefore should be dismissed with prejudice. *See Sonner*, 962 F.3d at 1082; *Bird*, 2014 WL 724874, at *7 (dismissing UCL claims with prejudice due to adequate remedy at law); *Durkee*, 2014 WL 4352184, at *9 (same).

Respectfully submitted,

DATED:  July 27, 2020

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Christopher Chorba*
Christopher Chorba

*Attorneys for Defendant Facebook, Inc.*