GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
    cchorba@gibsondunn.com
LAUREN M. BLAS, SBN 296823
    lblas@gibsondunn.com
JASON S. KIM, SBN 307532
    jkim@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

ETHAN DETTMER, SBN 196046
    edettmer@gibsondunn.com
ASHLEY M. ROGERS, SBN 286252
    arogers@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
    abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INTEGRITYMESSAGEBOARDS.COM, LLC,<br><br>             Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>             Defendant. | Case No. 4:18-cv-05286 PJH<br><br>**PUTATIVE CLASS ACTION**<br><br>**DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Facebook, Inc. answers Plaintiff's First Amended Complaint ("FAC") as follows:

Except as otherwise expressly stated below, Facebook denies each and every allegation contained in the FAC.  Facebook states that the headings, sub-headings, and footnotes throughout the FAC do not constitute well-pled allegations of fact and therefore require no response.  To the extent a response is required, Facebook denies the allegations in the headings, sub-headings, and footnotes in the FAC.  Facebook reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## "INTRODUCTION"

1.      Facebook denies the allegations in paragraph 1.

2.      Facebook admits that paragraph 2 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 2.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

3.      Facebook denies the allegations in the first sentence of paragraph 3.  The remainder of paragraph 3 purports to quote, in part and out of context, from documents that speak for themselves.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that case statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

4.      Facebook denies the allegations in paragraph 4.

5.      Facebook denies the allegations in the first sentence of paragraph 5.  Facebook admits that IMB defined the target audience described in paragraph 5.  Except as expressly admitted, Facebook denies the allegations in paragraph 5.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

6.      Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

7.      Facebook denies the allegations in paragraph 7.

8.      Facebook denies the allegations in the first sentence of paragraph 8.  The remainder of paragraph 8 purports to quote, in part and out of context, from documents that speak for themselves.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

9.      Facebook admits that portions of paragraph 9 purport to quote, in part and out of context, from documents that speak for themselves.  Facebook admits that in the past, it offered advertisers the ability to target advertisements based on targeting categories that were based on third-party data, including third party data on household income.  Except as expressly admitted, Facebook denies the allegations in paragraph 9.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

10.     Facebook admits that portions of paragraph 10 purport to quote, in part and out of context, from documents that speak for themselves.  Facebook admits that it generates substantially all of its revenue from advertising.  Except as expressly admitted, Facebook denies the allegations in paragraph 10.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

11.     Facebook denies the allegations in paragraph 11.

12.     Facebook lacks information sufficient to admit or deny what amounts advertisers "would not have paid" in any hypothetical past scenario.  The remaining allegations in paragraph 12 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

## "JURISDICTION AND VENUE"

13.     Facebook disputes that Plaintiff has standing under Article III of the United States Constitution.  Facebook admits that the amount in controversy exceeds $5 million, and that this is a

Gibson, Dunn & Crutcher LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

proposed class action in which at least one member of the putative class is of diverse citizenship from Defendant pursuant to 28 U.S.C. § 1332.  The remaining allegations in paragraph 13 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

14.     Facebook admits that it is headquartered in this District.  Facebook lacks information sufficient to admit or deny whether a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.  Except as expressly admitted, the remaining allegations in paragraph 14 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "PARTIES"

15.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 15.

16.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

17.     Facebook admits that its principal place of business is located in this District, and that it maintains executive offices at 1601 Willow Road, Menlo Park, California 94025.

18.     The allegations in paragraph 18 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

## "FACEBOOK'S TARGETING PROMISE"

19.     Facebook admits that it is currently one of the world's largest social media services companies, and that it provides a social networking service that allows people to connect and share photos, videos, and other content online, including with family and friends.

20.     Facebook admits that the allegations in paragraph 20 purport to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 20.

21.     Facebook admits the allegations in paragraph 21.

Gibson, Dunn & Crutcher LLP

3

22.     Facebook admits that the allegations in paragraph 22 purport to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 22.

23.     Facebook admits that the allegations in paragraph 23 purport to depict, in part and out of context, a photograph.  Except as expressly admitted, Facebook denies the allegations in paragraph 23.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

24.     Facebook admits that the allegations in paragraph 24 purport to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 24.

25.     Facebook admits that the allegations in paragraph 25 purport to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 25.

**"Website Representations"**

26.     Facebook denies the allegations in paragraph 26.

27.     Facebook admits that the allegations in paragraph 27 purport to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 27.

28.     Facebook admits that the allegations in paragraph 28 purport to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 28.

29.     Facebook admits that the allegations in paragraph 29 purport to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 29.

30.     Facebook admits that the allegations in paragraph 30 purport to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 30.

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH

31.     Facebook admits that the allegations in paragraph 31 purport to quote, in part and out of context, from documents that speak for themselves.  Facebook further admits that paragraph 31 purports to depict a partial graphic of the depicted interface.  Except as expressly admitted, Facebook denies the allegations in paragraph 31.

32.     Facebook admits that the allegations in paragraph 32 purport to quote, in part and out of context, from documents that speak for themselves.  Facebook further admits that paragraph 32 purports to depict a partial graphic of the depicted interface.  Except as expressly admitted, Facebook denies the allegations in paragraph 32.

33.     Facebook admits that paragraph 33 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 33.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

34.     Facebook admits that paragraph 34 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 34.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

**"Facebook's Targeting Interface"**

35.     Facebook denies the allegations in paragraph 35.

36.     Facebook admits that advertisers could use Ads Manager and Power Editor to place ads, but it disputes that these tools had "substantially the same" targeting interface.  Except as expressly admitted, Facebook denies the allegations in paragraph 36.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

37.     Facebook admits the allegations in paragraph 37.

38.     Facebook admits that advertisers can select an objective for their advertising campaigns, and that these objectives differ substantially depending on the advertiser's goal, the time

period, and other individual factors.  Except as expressly admitted, Facebook denies the allegations in paragraph 38.

39.     Facebook admits that advertisers using its self-serve ad tools may create an "ad set," but the specific details and targeting options have differed over time.  Except as expressly admitted, Facebook denies the allegations in paragraph 39 and footnote 2.

40.     Facebook admits that advertisers using the company's self-serve ad tools have a number of targeting options, depending on the advertiser's preferences, the objectives of the ad campaign, and other factors.  These targeting options changed over time.  Facebook further admits that paragraph 40 purports to depict a partial graphic of the depicted interface.  The allegations in the third sentence of paragraph 40 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Except as expressly admitted, Facebook denies the allegations in paragraph 40.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

41.     Facebook admits that Ads Manager may display a dial to advertisers, but the details of this dial differed over time.  Except as expressly admitted, Facebook denies the allegations in paragraph 41.

42.     Facebook admits that its self-serve advertiser interface changed over time.  Facebook further admits that paragraph 42 purports to depict a partial graphic of the depicted interface.  Except as expressly admitted, Facebook denies the allegations in paragraph 42.

43.     Facebook admits that paragraph 43 purports to quote, in part and out of context, from a document that speaks for itself.  Except as expressly admitted, Facebook denies the allegations in paragraph 43 and footnote 3.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

### "PLAINTIFFS' FACEBOOK ADVERTISEMENTS"

44.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 44.

1       45.     Facebook lacks information sufficient to admit or deny the allegations in
2  paragraph 45.

3       46.     Facebook lacks information sufficient to admit or deny the allegations in
4  paragraph 46.

5       47.     Facebook lacks information sufficient to admit or deny the allegations in
6  paragraph 47.

7       48.     Facebook lacks information sufficient to admit or deny the allegations in
8  paragraph 48.

**"IMB's August 2015 IV Likes Advertising Campaign"**

49.     Facebook admits that Plaintiff (or someone acting on its behalf) created an ad campaign on August 29, 2015. Facebook further admits that IMB elected to be charged based on the number of "impressions" its campaign generated. Facebook lacks information sufficient to admit or deny the remaining allegations in paragraph 49.

50.     Facebook admits that IMB defined the target audience described in paragraph 50. Facebook denies that by offering these targeting categories, it guaranteed that the target audience would be reached. Facebook further disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim. Facebook also disputes that Plaintiff may establish a basis for class certification.

51.     Facebook admits that the projected potential reach for Plaintiff's defined audience was 61,000. Facebook denies that the projected potential reach provided by Facebook represented any "guarantee" of actual audience reach. Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim. Facebook also disputes that Plaintiff may establish a basis for class certification.

52.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 52.

53.     Facebook admits that paragraph 53 purports to depict a partial graphic of the depicted interface. Facebook denies the remaining allegations of paragraph 53.

54.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 54.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

55.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 55.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

56.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 56.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

57.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 57.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

58.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 58.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

59.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 59.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

60.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 60.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

61.     Facebook admits that it invoiced IMB for its ad campaign.  Facebook denies the remaining allegations in paragraph 61.

62.     Facebook admits that IMB paid Facebook $1,409.69 for its IV Likes Campaign.

**"IMB's January 2016 SCD Likes Advertising Campaign"**

63.     Facebook admits that IMB launched the SCD Likes Campaign with the objective of increasing the number of "likes" for SCD's Facebook page.  Facebook lacks information sufficient to admit or deny the remaining allegations in paragraph 63.

64.     Facebook admits that IMB defined the target audience described in paragraph 64. Facebook denies that by offering these targeting categories, it guaranteed that the target audience would be reached.  Facebook further disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

65.     Facebook admits that the projected potential reach for Plaintiff's defined audience was 250,000.  Facebook denies that the projected potential reach provided by Facebook represented any "guarantee" of actual audience reach.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

66.     Facebook admits the allegations in paragraph 66.

67.     Facebook lacks information sufficient to admit or deny the allegations in paragraph 67.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

68.     Facebook admits that it invoiced IMB.  Except as expressly admitted, Facebook denies the remaining allegations in paragraph 68.

69.     Facebook admits the allegations in paragraph 69.

**"Retour's January 2018 While You Were Out Advertising Campaign"**

70.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

71.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

72.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

73.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

74.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

75.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

76.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

77.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

## "FACEBOOK'S FRAUD"

78.     Facebook admits that the allegations in paragraph 78 purport to quote, in part and out of context, from documents that speak for themselves.  The remaining allegations in paragraph 78 contain conclusions of law for which no responsive pleading is required, and which are therefore denied.  Except as expressly admitted, Facebook denies the allegations in paragraph 78.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

79.     Facebook admits that the targeting expansion feature could be used by advertisers in certain circumstances to expand certain targeting criteria.  Except as expressly admitted, Facebook denies the allegations in paragraph 79.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

80.     Facebook admits that paragraph 80 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 80.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

**"Target Expansion"**

81.     Facebook admits that it charged IMB for its "IV Likes Campaign."  Except as expressly admitted, Facebook denies the remaining allegations in paragraph 81.

82.     Facebook admits that paragraph 82 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the remaining allegations in paragraph 82.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

83.     Facebook admits that paragraph 83 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 83.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

84.     Facebook admits that it produced data to Plaintiff, as stated in footnote 5.  Except as expressly admitted, Facebook denies the remaining allegations in paragraph 84 and footnote 5.  Facebook disputes Plaintiff's selective and inaccurate summary of the data, or that the data provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

85.     Facebook admits that it produced data to Plaintiff relating to its "IV Likes Campaign," and the documents summarizing those data speak for themselves.  Except as expressly admitted, Facebook denies the remaining allegations in paragraph 85.  Facebook disputes Plaintiff's selective and inaccurate summary of the data, or that the data provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

86.     Facebook admits that it produced data to Plaintiff relating to its "SCD Likes Campaign," and the documents summarizing those data speak for themselves.  Except as expressly admitted, Facebook denies the remaining allegations in paragraph 86.  Facebook disputes Plaintiff's selective and inaccurate summary of the data, or that the data provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

87.     Facebook admits that it produced data to Plaintiff relating to its advertising campaigns, and the documents summarizing those data speak for themselves.  Except as expressly admitted, Facebook denies the remaining allegations in paragraph 87.  Facebook disputes Plaintiff's selective and inaccurate summary of the data, or that the data provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

**"Data Inaccuracy"**

88.     Facebook denies the allegations in paragraph 88.

89.     Facebook admits that paragraph 89 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 89.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

90.     Facebook admits that from time to time, it conducted surveys to improve its products.  The second sentence of paragraph 90 purports to quote, in part and out of context, from a document that speaks for itself.  Except as expressly admitted, Facebook denies the allegations in paragraph 90.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

91.     Facebook admits that it has, at certain points in time, used "native," "partner," other data, or a combination of these data categories.  Facebook denies the remaining allegations in paragraph 91.

"A.   <u>Native Data</u>"

92.      Facebook admits that it processes information regarding individuals who use Facebook.  In addition to information and content that individuals provide when they use Facebook products, Facebook also processes information regarding their networks and connections, usage, and information derived from devices that integrate with Facebook products.  Except as expressly admitted, Facebook denies the allegations in paragraph 92.

93.      Facebook admits it processes information regarding individuals who use Facebook and that Facebook may infer other information.  In addition to information and content that individuals provide when they use Facebook products, Facebook also processes information regarding their networks and connections, usage, and information derived from devices that integrate with Facebook products.  Except as expressly admitted, Facebook denies the allegations in paragraph 93.

94.      Facebook admits that paragraph 94 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 94.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

95.      Facebook admits that paragraph 95 purports to quote, in part and out of context, from documents that speak for themselves.  Facebook further admits that, while Mr. Bosworth served as a Vice President of Advertising from, as relevant here, July 1, 2016, until January 24, 2018, he had a senior role in overseeing several other matters that are far outside the scope of this case.  In addition, Facebook admits that, while Ms. Sandberg serves as Chief Operating Officer, her role generally involves overseeing matters that are far outside the scope of this case.  Except as expressly admitted, Facebook denies the allegations in paragraph 95.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide a basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

96.      Facebook admits that paragraph 96 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations

in paragraph 96.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

**"B.    Partner Data"**

97.    Facebook admits that paragraph 97 purports to quote, in part and out of context, from documents that speak for themselves.  Facebook further admits that it announced its Partner Categories program in April 2013.  Except as expressly admitted, Facebook denies the allegations in paragraph 97.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

98.    Facebook admits that paragraph 98 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 98.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

99.    Facebook admits that paragraph 99 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 99.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

100.    Facebook admits that paragraph 100 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 100.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

101.    Facebook denies the allegations in the first sentence of paragraph 101.  Facebook admits that the second, third, fourth, and fifth sentences of paragraph 101 purport to quote, in part and out of context, from documents that speak for themselves.  Facebook admits that Plaintiff ran its IV

Gibson, Dunn &
Crutcher LLP

Likes Campaign in in 2015, but it denies the remaining allegations in the sixth sentence of paragraph 101.  Except as expressly admitted, Facebook denies the allegations in paragraph 101.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

102.    Facebook admits that it deprecated Partner Categories in 2018, but it denies that the program was terminated on October 1, 2018 since the termination of Partner Categories occurred over a six-month period beginning in March 2018.  Except as expressly admitted, Facebook denies the allegations in paragraph 102.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

**"C.    Endemic Data Inaccuracy"**

103.    Facebook denies the allegations in paragraph 103.

104.    Facebook admits that paragraph 104 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 104.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

105.    Facebook admits that paragraph 105 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 105.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

106.    Facebook admits that paragraph 106 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 106.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH

1    107.    Facebook lacks sufficient information to admit or deny the allegations in

2    paragraph 107 relating to Plaintiff's inferences and conclusions regarding its ad campaign.  Facebook

3    denies the remaining allegations in paragraph 107.  Facebook disputes Plaintiff's characterization of

4    its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that

5    Plaintiff may establish a basis for class certification.

6    108.    Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144),

7    so no response to this paragraph is required.

8    **"THE PROFITS OF FACEBOOK'S FRAUD"**

9    109.    Facebook denies the allegations in paragraph 109.

10    110.    Facebook admits that paragraph 110 purports to quote, in part and out of context, from

11    documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations

12    in paragraph 110.  Facebook disputes Plaintiff's characterization of the selective quotations from

13    those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also

14    disputes that Plaintiff may establish a basis for class certification.

15    111.    Facebook admits that it generates substantially all of its revenue from advertising, and

16    that the chart depicts its estimated advertising revenue from 2013 to 2019.  Except as expressly

17    admitted, Facebook denies the allegations in paragraph 111.  Facebook disputes Plaintiff's

18    characterization of its conduct, or that its conduct provides a basis for any actionable claim.

19    Facebook also disputes that Plaintiff may establish a basis for class certification.

20    112.    Facebook admits that paragraph 112 purports to paraphrase, in part and out of context,

21    from a third party source and not from internal Facebook documents or documents that either

22    Plaintiff or Facebook produced in this litigation.  Except as expressly admitted, Facebook denies the

23    allegations in paragraph 112.  Facebook disputes Plaintiff's characterization of the selective

24    quotations from those documents, or that those statements provide any basis for Plaintiff's claims.

25    Facebook also disputes that Plaintiff may establish a basis for class certification.

26    113.    Facebook admits that paragraph 113 purports to paraphrase, in part and out of context,

27    from a third party source and not from internal Facebook documents or documents that either

28    Plaintiff or Facebook produced in this litigation.  Except as expressly admitted, Facebook denies the

allegations in paragraph 113.  Facebook disputes Plaintiff's characterization of the selective

quotations from those documents, or that those statements provide any basis for Plaintiff's claims.

Facebook also disputes that Plaintiff may establish a basis for class certification.

114.    Facebook admits that paragraph 114 purports to quote, in part and out of context, from

documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations

in paragraph 114.  Facebook disputes Plaintiff's characterization of the selective quotations from

those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also

disputes that Plaintiff may establish a basis for class certification.

115.    Facebook admits that paragraph 115 purports to quote, in part and out of context, from

documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations

in paragraph 115.  Facebook disputes Plaintiff's characterization of the selective quotations from

those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also

disputes that Plaintiff may establish a basis for class certification.

116.    Facebook admits that paragraph 116 purports to quote, in part and out of context, from

documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations

in paragraph 116.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct

provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis

for class certification.

117.    Facebook admits that paragraph 117 purports to characterize information, in part and

out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook

denies the allegations in paragraph 117.  Facebook disputes Plaintiff's characterization of the

selective quotations from those documents, or that those statements provide any basis for Plaintiff's

claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

118.    Facebook admits that paragraph 118 purports to characterize information, in part and

out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook

denies the allegations in paragraph 118.  Facebook disputes Plaintiff's characterization of the

selective quotations from those documents, or that those statements provide any basis for Plaintiff's

claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH

119.     Facebook admits that paragraph 119 purports to quote, in part and out of context, from documents that speak for themselves.  Except as expressly admitted, Facebook denies the allegations in paragraph 119.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

120.     Facebook admits that it provided refunds to certain advertisers.  Facebook lacks information sufficient to admit or deny the remaining allegations in the first sentence of paragraph 120.  Except as expressly admitted, Facebook denies the remaining allegations in paragraph 120.  Facebook disputes Plaintiff's characterization of the selective quotations from those documents, or that those statements provide any basis for Plaintiff's claims.  Facebook also disputes that Plaintiff may establish a basis for class certification.

121.     Facebook admits that IMB targeting criteria included "highly educated and compensated demographic."  Facebook lacks information sufficient to admit or deny whether Plaintiff "would never have advertised on Facebook" in any hypothetical past scenario.  Facebook denies the remaining allegations in paragraph 121.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

122.     Plaintiff's counsel have dismissed all claims involving Plaintiff Retour (*see* Dkt. 144), so no response to this paragraph is required.

123.     Facebook admits that IMB paid Facebook $1,651.86 for its campaigns.  Except as expressly admitted, Facebook denies the remaining allegations in paragraph 123 and footnote 6.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

### "ALLEGATIONS RELATING TO PUNITIVE DAMAGES"

124.     Facebook denies the allegations in paragraph 124.

125.     Facebook denies the allegations in paragraph 125.

126.     Facebook denies the allegations in paragraph 126.

1    127.    Facebook denies the allegations in paragraph 127.

2    128.    Facebook denies the allegations in paragraph 128.

3    129.    Facebook denies the allegations in paragraph 129.

4    130.    Facebook denies the allegations in paragraph 130.

5    131.    Facebook denies the allegations in paragraph 131.

6                    **"CLASS ACTION ALLEGATIONS"**

7    132.    The allegations in paragraph 132 contain conclusions of law for which no responsive

8    pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

9    denies the allegations in paragraph 132.  Facebook disputes Plaintiff's characterization of its conduct,

10   or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff

11   may establish a basis for class certification.

12   133.    The allegations in paragraph 133 contain conclusions of law for which no responsive

13   pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

14   denies the allegations in paragraph 133.

15   134.    The allegations in paragraph 134 are conclusions of law for which no responsive

16   pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

17   denies the allegations in paragraph 134.  Facebook disputes Plaintiff's characterization of its conduct,

18   or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff

19   may establish a basis for class certification.

20   135.    The allegations in paragraph 135 are conclusions of law for which no responsive

21   pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

22   denies the allegations in paragraph 135.  Facebook disputes Plaintiff's characterization of its conduct,

23   or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff

24   may establish a basis for class certification.

25   136.    The allegations in paragraph 136 are conclusions of law for which no responsive

26   pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

27   denies the allegations in paragraph 136.  Facebook disputes Plaintiff's characterization of its conduct,

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH

1    or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff

2    may establish a basis for class certification.

3            137.    The allegations in paragraph 137 are conclusions of law for which no responsive

4    pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

5    denies the allegations in paragraph 137.  Facebook disputes Plaintiff's characterization of its conduct,

6    or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff

7    may establish a basis for class certification.

8            138.    The allegations in paragraph 138 are conclusions of law for which no responsive

9    pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

10   denies the allegations in paragraph 138.  Facebook disputes Plaintiff's characterization of its conduct,

11   or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff

12   may establish a basis for class certification.

13           139.    The allegations in paragraph 139 are conclusions of law for which no responsive

14   pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

15   denies the allegations in paragraph 139.  Facebook disputes Plaintiff's characterization of its conduct,

16   or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff

17   may establish a basis for class certification.

18           140.    The allegations in paragraph 140 are conclusions of law for which no responsive

19   pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

20   denies the allegations in paragraph 140.  Facebook disputes Plaintiff's characterization of its conduct,

21   or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff

22   may establish a basis for class certification.

23           141.    The allegations in paragraph 141 are conclusions of law for which no responsive

24   pleading is required, and which are therefore denied.  To the extent a response is required, Facebook

25   denies the allegations in paragraph 141.  Facebook disputes Plaintiff's characterization of its conduct,

26   or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff

27   may establish a basis for class certification.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH

142.     The allegations in paragraph 142 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Facebook denies the allegations in paragraph 142.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

**"FIRST CAUSE OF ACTION**
**Violations of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.*"**

143.     Facebook incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

144.     The allegations in paragraph 144 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

145.     The allegations in paragraph 145 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

146.     The allegations in paragraph 146 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

147.     The allegations in paragraph 147 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

148.     Facebook denies that Plaintiff "would have paid less" for Facebook's advertisements in the hypothetical past scenario Plaintiff posits, which is inconsistent with the allegations in Plaintiff's original Complaint.  Facebook lacks information sufficient to admit or deny whether the putative class "would have paid less" in any hypothetical past scenario or whether Plaintiff and/or the putative class "would have . . . refused to advertise on Facebook altogether" in any hypothetical past scenario.  The remaining allegations in paragraph 148 are conclusions of law for which no response is required and which are therefore denied.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

149.     The allegations in paragraph 149 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH

Gibson, Dunn &
Crutcher LLP

150.     The allegations in paragraph 150 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

151.     Facebook denies that its data is or was inaccurate.  Facebook denies that Plaintiff "would have . . . paid less " for Facebook's advertisements in the hypothetical past scenario Plaintiff posits, which is inconsistent with the allegations in Plaintiff's original Complaint.  Facebook lacks information sufficient to admit or deny whether Plaintiff "would have . . . refused to advertise on Facebook altogether" or "paid . . . nothing" in any hypothetical past scenario.  The remaining allegations in paragraph 151 are conclusions of law for which no response is required and which are therefore denied.

152.     The Court dismissed Plaintiff's request for restitution and certain other equitable relief.  (*See* Dkt. 147.)  To the extent a response is required, the allegations in paragraph 152 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

153.     The Court dismissed Plaintiff's request for restitution and certain other equitable relief.  (*See* Dkt. 147.)  Facebook denies Plaintiff's allegations that it "would advertise" on Facebook and that it "would like to resume advertising on Facebook," which contradicts Plaintiff's sworn deposition testimony.  Facebook lacks information sufficient to admit or deny that the putative class would like to resume advertising on Facebook but are unable to do so because they purport to be unable to rely on Facebook's representations about the accuracy of its ad targeting.  The remaining allegations in paragraph 153 are conclusions of law for which no response is required and which are therefore denied.

## "SECOND CAUSE OF ACTION
### Deceit Under Cal. Civ.  Code §§1709-1711"

154.     Facebook incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

155.     The allegations in paragraph 155 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

156.     The allegations in paragraph 156 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

Gibson, Dunn &
Crutcher LLP

157.    The allegations in paragraph 157 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

158.    The allegations in paragraph 158 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

159.    The allegations in paragraph 159 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

160.    The allegations in paragraph 160 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

161.    Facebook denies that the data it used for ad targeting is or was inaccurate.  Facebook denies that Plaintiff "would have paid Facebook substantially less" for Facebook's advertisements in the hypothetical past scenario Plaintiff posits, which is inconsistent with the allegations in Plaintiff's original Complaint.  Facebook lacks information sufficient to admit or deny whether the putative class "would have paid Facebook substantially less" in any hypothetical past scenario or whether Plaintiff and/or the putative class "would not have agreed to pay anything at all" in any hypothetical past scenario.  The remaining allegations in paragraph 161 are conclusions of law for which no response is required and which are therefore denied.

162.    The allegations in paragraph 162 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "THIRD CAUSE OF ACTION
### Common Law Fraud"

163.    Facebook incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

164.    The allegations in paragraph 164 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

165.    The allegations in paragraph 165 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

166.    The allegations in paragraph 166 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

Gibson, Dunn &
Crutcher LLP

167.    The allegations in paragraph 167 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

168.    Facebook denies that the data it used for its ad targeting is or was inaccurate. Facebook denies that Plaintiff "would have paid Facebook substantially less" for Facebook's advertisements in the hypothetical past scenario Plaintiff posits, which is inconsistent with the allegations in Plaintiff's original Complaint.  Facebook lacks information sufficient to admit or deny whether the putative class "would have paid Facebook substantially less" in any hypothetical past scenario or whether Plaintiff and/or the putative class "would not have agreed to pay anything at all" in any hypothetical past scenario.  The remaining allegations in paragraph 168 are conclusions of law for which no response is required and which are therefore denied.

169.    Facebook denies that Plaintiffs or members of the putative class suffered any injury. Facebook denies that Plaintiff "would have paid less" for Facebook's advertisements in the hypothetical past scenario Plaintiff posits, which is inconsistent with the allegations in Plaintiff's original Complaint.  Facebook lacks information sufficient to admit or deny whether the putative class "would have paid less" in any hypothetical past scenario or whether Plaintiff and/or the putative class "would have paid . . . nothing" or "refused to advertise on Facebook altogether" in any hypothetical past scenario.  The remaining allegations in paragraph 169 are conclusions of law for which no response is required and which are therefore denied.

170.    The allegations in paragraph 170 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "PRAYER FOR RELIEF"

The Court dismissed Plaintiff's request for restitution and certain other equitable relief.  (*See* Dkt. 147.)  The remaining allegations under "Prayer for Relief" are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent these allegations are deemed in whole or in part to be factual, Facebook denies them.  Facebook disputes Plaintiff's characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook also disputes that Plaintiff may establish a basis for class certification.

1

**"DEMAND FOR TRIAL BY JURY"**

2

Facebook admits that Plaintiff purports to demand a jury trial on all counts so triable.

3

**AFFIRMATIVE DEFENSES**

4

Without assuming the burden to prove that which properly falls on Plaintiff, Facebook pleads

5

the following separate and additional affirmative defenses.

6

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

7

Facebook denies all allegations not expressly admitted and specifically reserves all affirmative

8

or other defenses that it may have against Plaintiff and the putative class.  It is not necessary at this time

9

for Facebook to delineate defenses against the putative class because no class has been certified, and the

10

putative class members are not parties to this litigation.

11

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

12

Plaintiff's FAC, and each and every cause of action in it, fails to state a claim upon which relief

13

can be granted.

14

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

15

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Plaintiff and

16

the putative class members lack standing under Article III of the United States Constitution and/or

17

pursuant to the California Unfair Competition Law.

18

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

19

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Plaintiff and

20

the putative class members have not sustained any injury, harm, and/or damage as a result of any actions

21

allegedly taken by Facebook and are thus barred from asserting any claims against, and/or obtaining

22

monetary and/or injunctive relief from, Facebook.

23

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

24

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because the restitution

25

sought by Plaintiff and the putative class is speculative and remote and impossible to ascertain.

26

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

27

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Plaintiff

28

consented to and/or ratified the conduct alleged in the FAC.

1

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

2     Plaintiff's FAC and the alleged claims in it are barred or limited, in whole or in part, by

3 contracts and/or agreements it entered into with Facebook.

4

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

5     Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, by the applicable

6 statutes of limitation and statutes of repose.

7

### NINTH SEPARATE AND ADDITIONAL DEFENSE

8     Facebook's conduct, as alleged in the Complaint, was not "unfair" or "fraudulent" within the

9 meaning of Business & Professions Code § 17200 in that, among other things, Facebook did not provide

10 any false or misleading information to the public regarding its practices.

11

### TENTH SEPARATE AND ADDITIONAL DEFENSE

12     Facebook's conduct, as alleged in the FAC, was not "unlawful" within the meaning of Business

13 & Professions Code § 17200 in that, among other things, Facebook complied with all applicable statutes

14 and regulations, if any.

15

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

16     Plaintiff's claims and allegations relate to mere puffery that is not misleading to a reasonable

17 consumer.

18

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

19     If Plaintiff has sustained any damages as alleged in the FAC, which Facebook denies, such

20 damages were proximately caused by subsequent and intervening or superseding acts of the Plaintiff

21 and/or of third parties, such that Facebook is not responsible or liable for any damages allegedly suffered

22 by Plaintiff.

23

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

24     Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because any recovery

25 by Plaintiff would constitute unjust enrichment of Plaintiff.  In particular, Plaintiff's claims and the claims

26 of the putative class are barred, in whole or in part, to the extent that Plaintiff has received the benefit

27 from ads delivered on Facebook that are enabled by the practices that Plaintiff seeks to challenge.

28

1

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

2
Plaintiff's and the putative class members' claims for equitable relief are barred because

3
Plaintiff has alleged that there is an adequate remedy at law.

4

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

5
Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Plaintiff and

6
members of the putative class proceeded with knowledge and/or awareness of the occurrences that form

7
the bases of their claims as alleged in the FAC and were not deceived.

8

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

9
Plaintiff's request for attorneys' fees in this matter is barred because it lacks any basis in law or

10
contract.

11

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

12
Plaintiff's FAC and each purported cause of action in it are barred, in whole or in part, by the

13
doctrine of laches, waiver, estoppel, unclean hands *in pari delicto*, and/or inequitable conduct.

14

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

15
Plaintiff has failed to mitigate its alleged losses, if any, and any recovery should be reduced or

16
denied accordingly.

17

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

18
Plaintiff may not maintain this lawsuit as a class action because the purported claims of the

19
putative class representative are not sufficiently typical of those of the purported class members, common

20
issues of fact and law do not predominate over individual issues and liability and damages cannot be

21
proven on a class-wide basis, the putative class representative will not adequately represent the purported

22
class, the putative class is not ascertainable, the proposed class action would not be manageable, and a

23
class action is not a superior method for adjudicating the purported claims set forth in Plaintiff's FAC.

24

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

25
Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because at

26
all relevant times, Facebook's alleged conduct was authorized.

27

28

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH

Gibson, Dunn &
Crutcher LLP

1

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

2
3

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because at all relevant times, Facebook's actions were a necessary incident to the rendition of services.

4

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

5
6

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because at all relevant times, Facebook's actions were within the ordinary course of business.

7

### TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

8
9

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because to the extent Facebook engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

10

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

11
12
13

Any attempt to require Facebook to identify, locate or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

14

### TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

15
16
17

As a matter of constitutional right and substantive due process, Facebook would be entitled to contest by jury trial its liability to any particular individual on whose behalf this action is purportedly brought.  Trying this case as a class action would violate the United States Constitution.

18

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

19
20
21
22
23

Any finding of liability pursuant to California's Unfair Competition Law would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the California Constitution, because the standards of liability under this law are not only unduly vague and subjective, but also permit retroactive, random, arbitrary, and capricious punishments that serve no legitimate governmental interest.

24

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

25
26

California's Unfair Competition Law violates the Commerce Clause of the United States Constitution by placing an unreasonable burden on interstate commerce.

27
28

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH

1

### TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

2

Plaintiff's FAC is vague, ambiguous, and uncertain. Facebook reserves the right to add

3

additional defenses as the factual bases for each of Plaintiff's claims and allegations become known.

4

### TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

5

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Plaintiff

6

cannot show Facebook's representations were false.

7

### THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

8

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Plaintiff

9

cannot show it relied on Facebook's alleged misrepresentations.

10

### THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

11

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Plaintiff

12

cannot show it was deceived by Facebook's representations.

13

### THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

14

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Plaintiff

15

cannot show Facebook knew of any alleged falsity related to its representations.

16

### THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

17

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Plaintiff

18

cannot show Facebook intended to defraud anyone.

19

### THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

20

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because the alleged

21

misrepresentations and/or omissions were not material.

22

### THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

23

Plaintiff's claim for punitive damages is barred, in whole or in part, as grossly excessive in

24

violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution

25

and the Due Process Clause of the California Constitution. *See State Farm Mut. Auto Ins. Co. v.*

26

*Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

27

28

1

**THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

2

3

Plaintiff's FAC and the alleged claims in it are barred, in whole or in part, because Facebook did not have a duty to disclose any alleged defects with its ads targeting.

4

**THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

5

6

Section 230 of the Communications Decency Act, 47 U.S.C. § 230, bars Plaintiff's claims against Facebook.

7

**THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

8

9

10

Plaintiff's FAC and the alleged claims in it fail to set forth facts sufficient to constitute a claim of relief for punitive or exemplary damages in that Facebook did not act with malice, fraud, or oppression with respect to Plaintiff.

11

**THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

12

13

14

15

In the alternative, without admitting any liability whatsoever and without admitting that Plaintiff has suffered any purported loss or damage whatsoever, Plaintiff's FAC and the alleged claims in it are barred to the extent Plaintiff seeks exemplary or punitive damages, because such damages violate Facebook's right to protection from excessive fines.

16

**FORTIETH SEPARATE AND ADDITIONAL DEFENSE**

17

18

Plaintiff's claim for punitive damages fails to state a cause of action upon which punitive damages may be awarded.

19

**FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

20

21

Any award of punitive damages is barred under Civil Code Section 3294 and other provisions of law.

22

**FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

23

24

Plaintiff's FAC and the alleged claims in it are barred to the extent that Plaintiff fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b).

25

**FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

26

27

Plaintiff's FAC and the alleged claims in it are barred in court and subject to arbitration to the extent that they agreed to arbitrate those claims.

28

Gibson, Dunn &
Crutcher LLP

30

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH

1

### FORTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

2

Plaintiff's FAC and the alleged claims in it are barred in whole or in part because the

3

remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not

4

recognized by applicable state law.

5

### FORTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

6

Plaintiff's FAC and the alleged claims in it are barred to the extent that Plaintiff or the

7

putative class members recover or have recovered any alleged damages or restitution already or from

8

sources other than Facebook.

9

### FORTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

10

Facebook has insufficient knowledge or information upon which to form a basis as to whether

11

it may have additional, as yet unstated, separate defenses available.  Facebook has not knowingly or

12

intentionally waived any applicable affirmative defenses and reserves the right to raise additional

13

affirmative defenses as they become known to it through discovery in this matter.  Facebook further

14

reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete

15

affirmative defenses that it determines are not applicable during the course of subsequent discovery.

16

17

Dated:  December 7, 2020               GIBSON, DUNN & CRUTCHER LLP

18

                                       By:   ___/s/ Christopher Chorba_____

19

                                             Christopher Chorba

20

                                       Attorneys for Defendant Facebook, Inc.

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 4:18-cv-05286 PJH