1  GIBSON, DUNN & CRUTCHER LLP
   CHRISTOPHER CHORBA, SBN 216692
2    cchorba@gibsondunn.com
   LAUREN M. BLAS, SBN 296823
3    lblas@gibsondunn.com
   CHRISTIAN S. BRIGGS, SBN 307387
4    cbriggs@gibsondunn.com
   JASON S. KIM, SBN 307532
5    jkim@gibsondunn.com
   333 South Grand Avenue
6  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
7  Facsimile:  213.229.7520

8  ETHAN DETTMER, SBN 196046
     edettmer@gibsondunn.com
9  ABIGAIL A. BARRERA, SBN 301746
     abarrera@gibsondunn.com
10 555 Mission Street, Suite 3000
   San Francisco, CA  94105-0921
11 Telephone:    415.393.8200
   Facsimile:    415.393.8306
12
   *Attorneys for Defendant Facebook, Inc.*
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16                  OAKLAND DIVISION

17 INTEGRITYMESSAGEBOARDS.COM,          Case No. 4:18-cv-05286 PJH
   LLC,
18                                        **PUTATIVE CLASS ACTION**
                   Plaintiff,
19                                        **DEFENDANT FACEBOOK, INC.'S NOTICE
          v.                              OF MOTION AND MOTION FOR PARTIAL
20                                        SUMMARY JUDGMENT AND
   FACEBOOK, INC.,                        MEMORANDUM OF POINTS AND
21                                        AUTHORITIES**
                   Defendant.
22                                        **REDACTED VERSION OF DOCUMENT
                                          SOUGHT TO BE FILED PROVISIONALLY
23                                        UNDER SEAL**

24                                        Hon. Phyllis J. Hamilton

25                                        **Hearing:**
                                          Date:      May 13, 2021
26                                        Time:      1:30 p.m.
                                          Location:  Oakland Division
27                                                   Courtroom 3, Third Floor

28

1                     **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

2 **TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:**

3           PLEASE TAKE NOTICE that on May 13, 2021, at 1:30 p.m. in Courtroom 3 of the United

4 States District Court for the Northern District of California, located at 1301 Clay Street, Oakland,

5 California, Defendant Facebook, Inc. will and hereby does move for an order dismissing Plaintiff's

6 requests for injunctive and declaratory relief.  Facebook brings this Partial Motion for Summary

7 Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the ground that Plaintiff

8 lacks Article III standing to seek forward-looking injunctive and declaratory relief, because the

9 undisputed material evidence demonstrates that Plaintiff has no intent to advertise on Facebook in the

10 future.  Facebook also brings this Motion to address the sole form of equitable relief that the Court

11 allowed to proceed in its Motion to Dismiss ruling.  (*See* Dkt. 147 at 13 ("In short, the court concludes

12 that plaintiff may pursue its equitable claims for injunctive and declaratory relief to the extent it

13 premises them on future harm.").)  Although Facebook reserves all of its rights, granting this Motion

14 does not affect Plaintiff's pursuit of monetary damages and other legal relief, and thus does not affect

15 Plaintiff's ability to seek class certification under Rule 23(b)(3).[*]  Facebook respectfully requests a

16 hearing on this motion, which is based on this Notice of Motion and Motion, the Memorandum of

17 Points and Authorities, the Declaration of Christian Briggs and accompanying exhibits, the pleadings

18 and papers on file in this action, the arguments of counsel, and all other materials that the Court may

19 properly consider.  To avoiding burdening the Court with a procedural dispute, the parties conferred

20 about their differences and were able to reach an agreement on a briefing schedule and hearing for this

21 Motion, subject to the Court's approval in the forthcoming Joint Stipulation.  Given the overlap in the

22 issues, the parties also seek to have this Motion be heard at the same time as Plaintiff's Motion for

23 Class Certification.

24                         **STATEMENT OF RELIEF SOUGHT**

25           Facebook seeks an order pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing

26 with prejudice Plaintiff's requests for forward-looking injunctive and declaratory relief.

27

28

---

[*]   Given the limited nature of this Motion, Facebook reserves the right to seek summary judgment on all of Plaintiff's claims at a later stage of the proceedings.  Facebook recognizes that it must seek leave of Court for any subsequent motion for summary judgment.

1

2      DATED:  February 12, 2021                 GIBSON, DUNN & CRUTCHER LLP

3                                                By:   _____*/s/ Christopher Chorba*_____

4                                                        Christopher Chorba

       *Attorneys for Defendant Facebook, Inc.*
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ........................................ 1

II.   STATEMENT OF ISSUE TO BE DECIDED ........................................................ 2

III.  PROCEDURAL HISTORY AND SUMMARY OF UNDISPUTED FACTS ......................... 2

      █████ ████████████████████████████████████████ ........................................... 2

      B.    After Several Years, Plaintiff Decides To Bring This Class Action Lawsuit .............. 4

      █████ ██████████████████████████████████ ........................................................... 5

      D.    Plaintiff Hires New Lawyers And Files A New Complaint ................................... 7

      E.    The Court Dismisses All Claims Seeking Equitable Relief For Past Harm ................ 7

      F.    Plaintiff Moves For Class Certification And Attempts To Modify Its Sworn Deposition Testimony With A Sham Declaration ................................................ 8

IV.  LEGAL STANDARD ......................................................................................... 9

V.    ARGUMENT .................................................................................................. 10

      A.    Plaintiff Lacks Standing To Pursue Injunctive Relief ...................................... 10

            █████ ███████████████████████ ...................................................................... 12

            2.    *Plaintiff Does Not Regularly Visit Facebook And Is Not Continually Presented With Facebook's Representations About Targeting.* ................... 14

            3.    *Plaintiff Cannot Avoid Summary Judgment By Relying On Evidence Or Pleadings That Contradict Its Sworn Deposition Testimony.* ........................ 16

      B.    Plaintiff Also Lacks Standing To Pursue Declaratory Relief ...................................... 21

VI.  CONCLUSION ................................................................................................ 22

i

DEFENDANT FACEBOOK, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 4:18-CV-05286 PJH

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*,
5     744 F.3d 595 (9th Cir. 2014).......................................................................................17

6 *Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)...........................................................................................................9

7
*Anthony v. Pharmavite*,
8     No. 18-02636-EMC, 2019 WL 109446 (N.D. Cal. Jan. 4, 2019)............................12, 17

9 *Apple Inc. v. Amazon.com Inc.*,
    915 F. Supp. 2d 1084 (N.D. Cal. 2013) ...........................................................9, 10, 14, 15
10

11 *Bailey v. Anthem Blue Cross Life & Health Ins. Co.*,
    No. 16-04439 JSW, 2018 WL 10604451 (N.D. Cal. Dec. 7, 2018) ...............................21

12
*Breck v. Doyle*,
13     796 F. App'x 333 (9th Cir. 2019) ...................................................................................21

14 *Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).............................................................................................................9
15

16 *Cheslow v. Ghirardelli Chocolate Co.*,
    No. 19-07467-PJH, 2020 WL 2113834 (N.D. Cal. May 4, 2020)......................................9

17
*Circle Click Media, LLC v. Regus Mgmt. Grp., LLC*,
18     743 F. App'x 883 (9th Cir. 2018) ...................................................................................11

19 *City of L.A. v. Lyons*,
    461 U.S. 95 (1983).....................................................................................................11, 21
20

21 *Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013).................................................................................................10, 21

22
*Davidson v. Kimberly-Clark Corp.*,
23     889 F.3d 956 (9th Cir. 2018)......................................................................11, 12, 13, 14, 15

24 *Edejer v. DHI Mortg. Co.*,
    No. 09-1302 PJH, 2009 WL 1684714 (N.D. Cal. June 12, 2009) ..................................21
25

26 *Hernandez v. Spacelabs Med. Inc.*,
    343 F.3d 1107 (9th Cir. 2003)...........................................................................10, 16, 17

27
*In re iPhone App. Litig.*,
28     6 F. Supp. 3d 1004 (N.D. Cal. 2013) ...............................................................................19

ii

*Jones v. ConAgra Foods, Inc.*,
   No. 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014)................................19

*Joslin v. Clif Bar & Co.*,
   No. 18-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ......................12, 17

*Kennedy v. Allied Mut. Ins. Co.*,
   952 F.2d 262 (9th Cir. 1991)................................................................................10

*Lane v. Dep't of Interior*,
   523 F.3d 1128 (9th Cir. 2008).............................................................................16

*Lanovaz v. Twinings N. Am., Inc.*,
   726 F. App'x 590 (9th Cir. 2018) ....................................................11, 12, 13, 14, 20

*Lepkowski v. CamelBak Prods. LLC*,
   No. 19-04598-YGR, 2019 WL 6771785 (N.D. Cal. Dec. 12, 2019) ........................12

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)..........................................................................10, 13, 14, 20

*Martinez v. Marin Sanitary Serv.*,
   349 F. Supp. 2d 1234 (N.D. Cal. 2005) ................................................................18

*Messick v. Horizon Indus.*,
   62 F.3d 1227 (9th Cir. 1995)..............................................................................20

*Min Sook Shin v. Umeken USA, Inc.*,
   773 F. App'x 373 (9th Cir. 2019) ........................................................................17

*Montana Envt'l Info. Ctr v. Stone-Manning*,
   766 F.3d 1184 (9th Cir. 2014)............................................................................11

*Otyang v. City & Cty. of S.F.*,
   No. 12-00577 MEJ, 2013 WL 843565 (N.D. Cal. Mar. 6, 2013) ......................18, 20

*Piveg, Inc. v. Gen. Star Indemnity Co.*,
   193 F. Supp. 3d 1138 (S.D. Cal. 2016)................................................................18

*Ross v. Ecolab, Inc.*,
   No. 13-5097-PJH, 2015 WL 5681323 (N.D. Cal. Sept. 28, 2015) ......................9, 16

*Rugg v. Johnson & Johnson*,
   No. 17-05010-BLF, 2018 WL 3023493 (N.D. Cal. June 18, 2018) .........................15

*Russell v. Pac. Motor Trucking Co.*,
   672 F. App'x 629 (9th Cir. 2016) ........................................................................20

*S.D. Cty. Gun Rights Comm. v. Reno*,
   98 F.3d 1121 (9th Cir. 1996)..............................................................................21

iii

*Santillan v. City of Reedley*,
   No. 07-391, 2007 WL 1847661 (E.D. Cal. June 27, 2007) .........................................................21

*Snake River Farmers' Ass'n, Inc. v. Dep't of Labor*,
   9 F.3d 792 (9th Cir. 1993).................................................................................................................20

*Sonner v. Premier Nutrition Corp.*,
   962 F.3d 1072 (9th Cir. 2020)...........................................................................................................7

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)........................................................................................................................10

*Susan B. Anthony v. Driehaus*,
   573 U.S. 149 (2014)........................................................................................................................21

*United States. v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011)...........................................................................................................17

*Van Asdale v. Int'l Game Tech.*,
   577 F.3d 989 (9th Cir. 2009)................................................................................................1, 18, 20

*Wallace v. SharkNinja Operating, LLC*,
   No. 18-05221-BLF, 2020 WL 1139649 (N.D. Cal. Mar. 9, 2020) ..................................................14

*Ward v. Cty. of Siskiyou*,
   816 F. App'x 51 (9th Cir. 2020) .....................................................................................................20

*Welsh v. Trimac Transp. Servs. (Western) Inc.*,
   No. 11-01625, 2014 WL 12617737 (D. Ariz. Mar. 31, 2014).........................................................18

*Williams v. Apple, Inc.*,
   449 F. Supp. 3d 892 (N.D. Cal. 2020) ............................................................................................12

*Wisdom v. Easton Diamond Sports, LLC*,
   No. 18-4078, 2018 WL 6264994 (C.D. Cal. Oct. 9, 2018)..............................................................15

*Yeager v. Bowlin*,
   693 F.3d 1076 (9th Cir. 2012).........................................................................................................20

## I.   <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

In its recent ruling on Facebook's Motion to Dismiss, this Court limited Plaintiff IntegrityMessageBoards.com, LLC ("IMB") to seeking monetary damages and forward-looking injunctive and declaratory relief.  But Plaintiff lacks Article III standing to seek forward-looking equitable relief because it has no intent to purchase advertisements on Facebook in the future.  The undisputed facts speak for themselves:  Plaintiff IMB last advertised on Facebook more than five years ago, a total of only three times across a period of six months, and spent less than $2,000 in total on those ad campaigns. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ There is simply no basis to infer from these facts that Plaintiff would actually advertise on Facebook again in the future.  Under binding Ninth Circuit law, Plaintiff's testimony establishes that it lacks Article III standing to seek equitable relief.

Aware of this fundamental deficiency that forecloses prospective equitable relief, Plaintiff has attempted to rewrite its sworn deposition testimony by offering a "sham" declaration in support of its Motion for Class Certification.  In this declaration, Plaintiff avers that it "would resume advertising on Facebook" if it "could rely on Facebook's representations concerning its targeting accuracy." (Dkt. 156-1, ¶ 5.) ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The declaration as a whole is therefore a quintessential "sham" statement that the Court should disregard in deciding this Motion.  As the Ninth Circuit has instructed, "a party who has been examined at length on deposition" cannot

---

[1]  All exhibits are attached to the accompanying Declaration of Christian Briggs.

1  "raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony." *Van*

2  *Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009).

3  Because there is no dispute of material fact as to Plaintiff's intent to purchase ads on Facebook

4  in the future, the Court should grant Facebook's motion for partial summary judgment as to Plaintiff's

5  requests for injunctive and declaratory relief.  The scope of this request is narrow, and granting this

6  Motion would still allow Plaintiff to seek monetary damages and other legal relief.  ███████████

7  ██████████████████████████████████████████████████

8  ██████████████████████████████████████████████████

9  ██████████████████████████████████████████████████

10 ████████████████████████████  Granting this Motion therefore

11 limits this case to what it has always been about for Plaintiff:  making money.

## II.      STATEMENT OF ISSUE TO BE DECIDED

13 Whether Plaintiff should be limited to seeking monetary damages and legal relief in this action

14 because it lacks Article III standing to seek forward-looking injunctive and declaratory relief ███

15 ██████████████████████████████████████████████████

16 ████████████████████████

## III.     PROCEDURAL HISTORY AND SUMMARY OF UNDISPUTED FACTS

18 █  ████████████████████████████████████████████

19 Plaintiff IntegrityMessageBoards.com, LLC ("IMB") operates "Investor Village," a website

20 that hosts an online forum for investors to discuss stocks and investments.  (Dkt. 148 (First Am.

21 Compl., "FAC") ¶ 44.)   Starting in mid-2015, Plaintiff decided to advertise Investor Village on

22 Facebook.  (*Id.* ¶¶ 46, 48.)  These ad campaigns—which lasted less than six months, and cost less than

23 $2,000—did not have the stated objective of generating sales of subscriptions or memberships to the

24 Investor Village website or increasing traffic to the website.  (*Id.* ¶¶ 49–69, 85–86.)  Instead, Plaintiff

25 chose the objective of generating "Likes" for its "Investor Village" and the "Small Cap Directory"

26 Facebook pages.  (*Id.*)  Plaintiff's campaigns generated 1,692 "Likes" for these two Facebook pages.

27 (Ex. B ["Investor Village" and "Small Cap Directory" Page Likes].)  Although Plaintiff received the

28 outcome for which it paid, Plaintiff suspected that not all of these "Likes" came from people within the

2

audience to whom it asked Facebook to deliver its ads, which included college graduates who owned homes and had a household income over a certain threshold.  (Dkt. 148 [FAC] ¶¶ 49–69.)

3

**B.      After Several Years, Plaintiff Decides To Bring This Class Action Lawsuit**

Plaintiff brought a single claim for alleged violations of California Business & Professions Code § 17200 *et seq.* (the "UCL") on the theory that Facebook "programmatically" delivered advertisements to individuals outside the advertiser's chosen audience.  (Dkt. 1 [Compl.] ¶¶ 9, 11, 12, 70, 72, 79, 88, 96, 98, 102, 104, 107.)  According to the initial Complaint, Plaintiff "would not have agreed to pay anything at all" for its two campaigns and thus would not have run the ads at all "had it known the truth about Facebook's misconduct" before starting the campaigns.  (*Id.* ¶ 99; *see also* ¶¶ 11, 71, 96 (same).)  On these bases, Plaintiff sought three forms of relief:  (1) "damages" in the amount that "Defendant unlawfully obtained from Plaintiff and the Class as a result of [its] misconduct"; (2) "injunctive . . . relief, including without limitation, an order enjoining Defendant

4

from continuing to programmatically display ads to Facebook users outside the audiences defined by advertisers in Ads Manager"; and (3) a "declar[ation] that Defendant's misconduct . . . violates the [UCL]." (*Id.* at 31 [Prayer for Relief].)

Plaintiff was deposed in November 2019. (*See* Ex. A [IMB Tr.].)

Despite requesting such corrective action, Plaintiff had "no idea" whether the conduct for which it was seeking injunctive relief "continue[d] to this day." (*Id.* at 323:15-18.)

6

1 ███████████████

2 **D.     Plaintiff Hires New Lawyers And Files A New Complaint**

3 █████████████████████████████████████████████████

4 ██████████ Plaintiff hired new lawyers. (Dkts. 106, 107, 108, 110.) Shortly thereafter, Plaintiff filed

5 its FAC. (Dkt. 148.) The FAC asserted the same UCL claim and again sought "equitable, injunctive

6 and declaratory relief." (*Id.* at 38 [Prayer for Relief].) The new complaint also added a fraud claim,

7 requests for legal relief (compensatory and punitive damages), and expanded on Plaintiff's theory of

8 liability, claiming that Facebook's ad targeting relied on both internal and third-party data that was

9 allegedly itself inaccurate. (*Id.* ¶¶ 7–9.) The FAC, however, attempted to reverse course with respect

10 to how Plaintiff would have acted had it known the "truth" about Facebook's alleged representations.

11 In the FAC, Plaintiff alleged, as before, that it would have "refused to advertise on Facebook

12 altogether," but added that it *might* have purchased advertisements but "paid less" for them. (*E.g.*, *id.*

13 ¶¶ 148, 151, 161.) ████████████████████████████████████

14 █████████████████████████████████████████████████

15 ████████████ Plaintiff alleged that it "would like to resume advertising of Facebook," but it "c[ould]

16 not do so because [it] remain[s] unable to rely on Facebook's representations about the accuracy of its

17 ad targeting." (Dkt. 148 ¶ 153.)[2]

18 **E.     The Court Dismisses All Claims Seeking Equitable Relief For Past Harm**

19 Facebook moved to dismiss the FAC on the ground that Plaintiff could not pursue its equitable

20 UCL claim or otherwise seek equitable relief because it had an adequate remedy at law under *Sonner*

21 *v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir. 2020). (Dkt. 118.) The Court granted the motion

22 and dismissed all requests for restitution, "disgorgement," and other equitable monetary relief. (Dkt.

23 147 at 10.) The Court also granted the motion as to Plaintiff's requests for equitable relief for "past"

24

25 ───────────────────
[2] The FAC also added Retour, Inc. as a new named plaintiff and proposed class representative.

26 (Dkt. 148 [FAC] ¶ 16.) Retour alleged that it advertised on Facebook for one week in January 2018, ultimately paying Facebook $20 for its ad campaign. (*Id.* ¶¶ 70–77.) Only a few business

27 days after the deposition of Retour's corporate designee, David Pollack, Retour voluntarily dismissed its claims (Dkt. 144), ████████████████████████████████

28 ███████████████████

harm, because Plaintiff had an adequate legal remedy in the form of monetary damages. (*Id.* at 9–10.) The Court observed that Plaintiff's allegation in the FAC about future harm—specifically, that "[Plaintiff] would like to resume advertising on Facebook," but "cannot do so because [it] remain[s] unable to rely on Facebook's representations about the accuracy of its ad targeting" (Dkt. 116-4, ¶ 153)—did "not address why plaintiff cannot prove future harm with certainty" (Dkt. 147 at 11). But the Court nonetheless concluded that, at the pleadings stage, it was "reasonably inferable" that IMB could not prove future harm with certainty because that harm would depend on, "[a]t minimum," "how many advertisements it would purchase but-for the challenged conduct and how much defendant would charge for such purchases." (*Id.*) In other words, even though Plaintiff did not allege, at the pleading stage, that a legal remedy would be sufficient to redress future harm, the Court allowed Plaintiff to continue to pursue injunctive relief to redress any potential future harm it could ultimately prove. (*Id.* at 13 ("In short, the court concludes that plaintiff may pursue its equitable claims for injunctive and declaratory relief to the extent it premises them on future harm.").) Given the procedural posture, the Court was required to accept the allegations of the FAC as true in ruling on the motion to dismiss. (*See infra* n. 3.)

F.  **Plaintiff Moves For Class Certification And Attempts To Modify Its Sworn Deposition Testimony With A Sham Declaration**

After the Court's dismissal ruling, Plaintiff filed its Motion for Class Certification and sought forward-looking injunctive and declaratory relief on behalf of the putative class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. (Dkt. 156 at 17–18.) In support of the motion, Plaintiff submitted a one-page declaration from its corporate representative, Mr. Kidd. (Dkt. 156-1.) That declaration acknowledged Mr. Kidd's sworn deposition testimony (on behalf of himself and IMB) stating that IMB would not run advertisements on Facebook again. (*Id.*) According to IMB's new declaration, it provided that testimony only because "Facebook's counsel did not ask" "whether IMB would resume advertising on Facebook's website in the future if IMB could rely on Facebook's representations concerning its targeting accuracy." (*Id.*) According to the declaration, if Facebook had asked that very specific question, Mr. Kidd would have testified that "IMB would resume advertising on Facebook" "[i]f IMB could rely on Facebook's representations concerning its targeting accuracy." (*Id.*)

1 ██████████████████████████████████████████████████

2 ██████████████████████████████████████████████████

3 ████████████████████  Nor does it address the failure to conduct any advertising since 2016.

## IV.   <u>LEGAL STANDARD</u>

A "court may grant summary judgment" "as to particular claim(s) or defense(s)" in a case under a "procedure . . . commonly referred to as . . . partial summary judgment." *Ross v. Ecolab, Inc.*, No. 13-5097-PJH, 2015 WL 5681323, at *3 (N.D. Cal. Sept. 28, 2015) (citation and quotation marks omitted).   As with motions for summary judgment, motions for partial summary judgment are appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Apple Inc. v. Amazon.com Inc.*, 915 F. Supp. 2d 1084, 1086 (N.D. Cal. 2013); *Ross*, 2015 WL 5681323, at *2 (same).

As "the party seeking summary judgment," Facebook "bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Ross*, 2015 WL 5681323, at *2 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).   But where, as here, Plaintiff "will bear the burden of proof at trial" on the claims at issue, Facebook's burden is not to show that "no reasonable trier of fact could find other than for [Facebook]" at trial. *Id.*   Rather, Facebook "can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Apple*, 915 F. Supp. 2d at 1086, 1090 (citing *Celotex*, 477 U.S. at 324–25) (granting motion for partial summary judgment due to "absence of evidence to support" non-moving party's case); *see also Ross*, 2015 WL 5681323, at *2, 6–7 (granting motion for partial summary judgment where the nonmoving party had the "burden of establishing the . . . exemption" but "chose[] not to present evidence" that the exemption applied).

When Facebook carries that burden, Plaintiff as the "nonmoving party must respond with specific facts, supported by admissible evidence, showing a genuine issue for trial," and the "allegedly disputed facts must be material—the existence of only 'some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Ross*, 2015 WL 5681323, at *2 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)); *see also*

9

*Cheslow v. Ghirardelli Chocolate Co.*, No. 19-07467-PJH, 2020 WL 2113834, at *2 (N.D. Cal. May 4, 2020) ("A scintilla of evidence, or evidence that is merely colorable or not significantly probative is not sufficient to present a genuine issue as to a material fact." (citation and quotation marks omitted)). Plaintiff cannot "create an issue of fact by an affidavit contradicting [its] prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). Nor can it create such a dispute using allegations in the operative complaint. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). If Plaintiff cannot "set out specific facts showing a genuine issue for trial," the Court should grant the motion. *Apple*, 915 F. Supp. 2d at 1086–87. That is so even where the Court "must view the evidence in the light most favorable to" Plaintiff and "draw all justifiable inferences in its favor." *Id.* at 1087.

## V.  ARGUMENT

To establish Article III standing to pursue forward-looking injunctive and declaratory relief, the plaintiff must show that there is an "actual and imminent" threat of future injury because the plaintiff intends to purchase the product or service again in the future. Even though the evidence is wholly within its own control, Plaintiff cannot satisfy this standard: Plaintiff has not advertised on Facebook—or any other platform—in almost five years ███████████████████████████████████

██████████████████████████████ And Plaintiff's new "sham" declaration to the contrary is legally ineffective and cannot alter that conclusion. Nor can Plaintiff defeat summary judgment by relying on the conclusory allegations in the FAC. Ultimately, for Plaintiff, this lawsuit is about making money—not seeking forward-looking injunctive relief so that it can resume advertising on Facebook again. The Court should therefore grant partial summary judgment in Facebook's favor on Plaintiff's remaining claims for injunctive and declaratory relief.

### A.   Plaintiff Lacks Standing To Pursue Injunctive Relief

To demonstrate constitutional standing for injunctive relief, which is a prospective remedy, a plaintiff must face a threat of injury that is "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "Although 'imminence' is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes . . . ." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564

10

n.2 (1992).  Thus, the "threatened injury must be *certainly impending* to constitute the injury in fact and that allegations of *possible* future injury are not sufficient."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quotation marks omitted); *see also Montana Envt'l Info. Ctr v. Stone-Manning*, 766 F.3d 1184, 1189 (9th Cir. 2014) (noting that there must be a "substantial risk" that the alleged harm will occur).  For injunctive relief claims based on an alleged threat of repeat injury, the plaintiff therefore must show "a sufficient likelihood that [it] will again be wronged in a similar way."  *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983).

In the UCL context, where, as here, "a previously [allegedly] deceived consumer . . . now knows or suspects that the advertising was false at the time of the original purchase," the Ninth Circuit has delineated narrow circumstances under which the consumer "may [still] have standing to seek an injunction."  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018).  In particular, a plaintiff cannot simply rely on its "[k]nowledge that the advertisement or label was false in the past."  *Id.*  Rather, a plaintiff must show either (1) it "would like to" purchase the product or service in the future, but will not because it is unable to rely on the advertising; or (2) it "might purchase the product in the future," while assuming incorrectly that the product or service was improved because it is "continually presented" with product representations.  *Id.* at 970.  Under either circumstance, if there is no evidence that the plaintiff "intend[s] to purchase [the] products in the future," the Court must grant summary judgment on the injunctive relief claim.  *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) (affirming summary judgment on injunctive relief claim because no evidence of a future intent to purchase); *see also Circle Click Media, LLC v. Regus Mgmt. Grp., LLC*, 743 F. App'x 883, 884 (9th Cir. 2018) (same).

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████ the Ninth Circuit has held that such vague expressions of future intent,

11

without concrete plans, are not sufficient to establish Article III standing.  Nor may Plaintiff cite its sham declaration or the allegations in the FAC—both filed after its sworn deposition testimony—to avoid summary judgment.  Accordingly, there is no genuine dispute of material fact as to whether Plaintiff is at risk of suffering an actual or imminent injury, and Facebook's motion for partial summary judgment should be granted.

Because Plaintiff testified it "would not purchase [Facebook ads] again," and offered no explanation or time frame for when it might do so, it lacks constitutional standing to seek injunctive relief.  *Lanovaz*, 726 F. App'x at 591; *see also Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 906–07 (N.D. Cal. 2020) (dismissing injunctive relief claim for lack of standing because of no intent to purchase product again in future); *Joslin v. Clif Bar & Co.*, No. 18-04941-JSW, 2019 WL 5690632, at *3 (N.D. Cal. Aug. 26, 2019) (same).  Plaintiff's allegation in the original Complaint that it "would not have agreed to pay anything at all" for Facebook's ad targeting had it known the alleged "truth" (Dkt. 1 [Compl.] ¶ 99) reinforces this conclusion.  *Anthony v. Pharmavite*, No. 18-02636-EMC, 2019 WL 109446, at *6 (N.D. Cal. Jan. 4, 2019) (dismissing injunctive relief claim where plaintiffs alleged "had [they] known the truth about [Pharmavite's] misrepresentations, [they] would not have purchased the Biotin Product" (citation and quotation marks omitted)); *Lepkowski v. CamelBak Prods. LLC*, No. 19-04598-YGR, 2019 WL 6771785, at *3 (N.D. Cal. Dec. 12, 2019) (dismissing injunctive relief claim where plaintiff "concede[d]—repeatedly—that she would not have purchased her water bottle if she had known that it was not, in fact, 'spill proof'" (citation omitted)).

The Ninth Circuit's decision in *Davidson* also supports partial summary judgment here.  In that case, a consumer-plaintiff filed suit against the manufacturer of wipes marketed as "flushable," alleging that the wipes were not in fact "flushable" and that the manufacturer's representations to the contrary

12

violated the UCL.  *See* 889 F.3d at 962.  Among other relief, the consumer sought an injunction requiring the manufacturer to stop advertising the wipes as "flushable."  *Id.*  The manufacturer-defendant moved to dismiss the claim for injunctive relief for lack of Article III standing because the plaintiff already knew (or had reason to believe) that the "flushable" representation was false, and therefore could not be injured in the future in the same way.  *Id.* at 967.  But the Ninth Circuit disagreed, holding that notwithstanding the consumer's knowledge that the wipes were not completely "flushable," the complaint plausibly alleged that she "would purchase" the wipes again "if it were possible," and the complaint was "devoid of any grounds to discount [that] . . . intent" at the pleadings stage.  *Id.* at 961–62, 969–72.  Thus, the Ninth Circuit concluded that the plaintiff had Article III standing to seek injunctive relief.  *Id.*

Here, the opposite is true.  Unlike the consumer-plaintiff in *Davidson*, who alleged that she "would purchase" the wipes again in the future, in this case, █████████████████████████████ █████████████████████████████  Thus, IMB cannot establish (much less "plausibly allege") that it is at risk of future injury based on a fear of being deceived again in the future. █████████████████████████ ████████████  it does not fall within the narrow class of "previously [allegedly] deceived consumer[s]" identified in *Davidson* who "now know[] or suspect[] that the advertising was false at the time of the original purchase" yet nonetheless have Article III standing to seek injunctive relief. *Davidson*, 889 F.3d at 969.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████  Even if the Court were to interpret Plaintiff's qualification as implying a possible intent to purchase ads in the future (and if anything, it supports the *opposite* inference), it amounts to nothing more than a "'profession of an inten[t],'" which "'is simply not enough' to satisfy Article III." *Lanovaz*, 726 F. App'x at 591 (quoting *Lujan*, 504 U.S. at 564).  In *Lanovaz*, the plaintiff testified that she "would not purchase Twinings products again, even if the company removed the allegedly misleading labels," yet she then tried to create a dispute of fact as to

her intent by citing an interrogatory response that she would "consider buying" the products again in the future. *Id.* (quotation marks omitted).  The Ninth Circuit concluded that the interrogatory response was insufficient to survive a motion for summary judgment on the standing issue, because a "'some day' intention[]—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do[es] not support a finding of the 'actual or imminent' injury that Article III requires." *Id.*

██████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████   726 F. App'x at 591 (quoting *Lujan*, 504 U.S. at 564); *see also Wallace v. SharkNinja Operating, LLC*, No. 18-05221-BLF, 2020 WL 1139649, at *14 (N.D. Cal. Mar. 9, 2020) (dismissing claim for injunctive relief for lack of standing because "Wallace's allegation that she 'would consider' buying a Ninja blender in the future, . . . without more, is insufficient to show a likelihood of future injury" (citations omitted)).

In sum, the evidence establishes that Plaintiff does not intend to purchase ads on Facebook in the future, and Facebook has therefore met its burden of showing "that there is an absence of evidence to support" Plaintiff's intent to advertise on Facebook in the future, as needed to support a request for injunctive relief.  *Apple*, 915 F. Supp. 2d at 1086.

**2.     *Plaintiff Does Not Regularly Visit Facebook And Is Not Continually Presented With Facebook's Representations About Targeting.***

Plaintiff also lacks standing to pursue injunctive relief because there is no evidence in the record that it "regularly visits" Facebook or is "continually presented" with Facebook's alleged representations about targeting, such that it "might purchase the product in the future" by "incorrectly" assuming "the product was improved." *Davidson*, 889 F.3d at 970–71 (quotation marks omitted).

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

1

2

3

4 ████████████████████████████████████ This testimony is the polar opposite

5 of the allegations in *Davidson*, which involved a consumer who "regularly visited" the stores where

6 the product was sold and thus regularly saw representations about the product. *Davidson*, 889 F.3d

7 at 970–71.

8         Because Plaintiff, by its own admission, does not "regularly visit[]" Facebook's website, there

9 is no threat whatsoever that Plaintiff will be misled in the future. *Id.*; *see also Rugg v. Johnson &*

10 *Johnson*, No. 17-05010-BLF, 2018 WL 3023493, at *7 (N.D. Cal. June 18, 2018) (dismissing

11 injunctive relief claim for lack of standing because plaintiffs did "not allege . . . regular visits to stores

12 where J&J's products [were] sold, or continuous exposure to J&J's labeling"); *Wisdom v. Easton*

13 *Diamond Sports, LLC*, No. 18-4078, 2018 WL 6264994, at *2 (C.D. Cal. Oct. 9, 2018) (dismissing

14 injunctive relief claim for lack of standing because "[p]laintiff does not allege he . . . is regularly

15 visiting stores where [the product was] sold").

16         Nor is Plaintiff being "continually presented" with Facebook's representations about targeting.

17 *Davidson*, 889 F.3d at 970–71 (quotation marks omitted); *see also Rugg*, 2018 WL 3023493, at *7

18 (dismissing injunctive relief claim for lack of standing because no "continuous exposure to J&J's

19 labeling"). To the contrary, the alleged misrepresentations the putative class was allegedly exposed to

20 appear specifically on the Ads Manager interface (*see, e.g.*, Dkt. 156 at 21–23), which exists separate

21 from Mr. Kidd's personal page or IMB's pages. ████████████████████

22

23

24 ██ ████████████████████████████████ Accordingly,

25 Facebook has met its burden of "pointing out to the district court that there is an absence of evidence"

26 as to whether Plaintiff "regularly visits" Facebook or is "continually presented" with Facebook's

27 representations under *Davidson*. *Apple*, 915 F. Supp. 2d at 1086.

28

### 3. *Plaintiff Cannot Avoid Summary Judgment By Relying On Evidence Or Pleadings That Contradict Its Sworn Deposition Testimony.*

Plaintiff has not attempted to argue or allege throughout this litigation that it "regularly visits" or is "continually presented" with Facebook's representations about targeting under *Davidson*—██ ████████████████████████████████████████████████████████████████ Plaintiff therefore cannot meet its burden of introducing evidence showing a genuine dispute of material fact as to that element of the *Davidson* inquiry. To the extent Plaintiff contends that there is a dispute of fact as to its intent to advertise on Facebook in the future because of allegations in the FAC or because of its class-certification declaration, that dispute is immaterial, as Plaintiff's amended allegations and "sham" declaration are both inconsistent with its earlier, sworn deposition testimony. The Court should disregard both the allegations in the FAC and the "sham" declaration that conflict with its sworn deposition testimony, and conclude that Plaintiff has not met its burden of showing a genuine dispute of fact as to Article III standing to seek forward-looking injunctive and declaratory relief. *Ross*, 2015 WL 5681323, at *2.

*First*, Plaintiff cannot defeat summary judgment by citing its conclusory allegation in the FAC—also cited by the Court in its motion-to-dismiss ruling (Dkt. 147 at 11)—that it "would like to resume advertising on Facebook" but "cannot do so because [it] remain[s] unable to rely on Facebook's representations about the accuracy of its targeting." (Dkt. 148 [FAC] ¶ 153.) A party opposing a motion for summary judgment "cannot defeat summary judgment with allegations in the complaint." *Hernandez*, 343 F.3d at 1112; *see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) (holding that a complaint's allegations alone "are insufficient to defeat a summary judgment motion").[3] And even if allegations in the FAC had any weight at summary judgment—and they do not—the Court should nonetheless reject them because they are "conclusory," "unsupported by facts," and thus

---

[3] For this reason, the November 2020 order on Facebook's Motion to Dismiss does not bear on this Motion. As an initial matter, that ruling *assumed* the truth of Plaintiff's allegations (Dkt. 147 at 3), whereas on summary judgment those allegations are not entitled to any weight, *see Hernandez*, 343 F.3d at 1112. In addition, the Court specifically noted that Plaintiff would need to show "future harm" with evidence at a later stage of the case, and that any such evidence would be based on what advertisements Plaintiff would or would not "purchase." (Dkt. 147 at 11.) As discussed above, there is no evidence of any intent to purchase ads in the future, and the sworn testimony is to the contrary.

1    "insufficient to survive a motion for summary judgment." *Hernandez*, 343 F.3d at 1116. ████████

2    ████████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████

6    ████████████████    *Joslin*, 2019 WL 5690632, at *3 (lack of standing to pursue injunctive relief

7    under *Davidson* because of no intent to purchase the product again in the future).

8            To the extent Plaintiff attempts to rely on its allegation that it would have "paid less" for its ad

9    campaigns had it known about Facebook's allegedly low targeting accuracy, that allegation also cannot

10   support Article III standing. (Dkt. 148 [FAC] ¶¶ 151, 161.) As discussed above (*supra* p. 16), Plaintiff

11   cannot create a dispute of fact via allegations in the complaint. *Hernandez*, 343 F.3d at 1112. And

12   even if it could, the Court should not credit these particular allegations. Plaintiff's conclusory assertion

13   in the FAC that it would have "paid less" for its ads is directly contradicted by the allegations in the

14   original Complaint that Plaintiff would "not have agreed to pay anything *at all*" for the ads had it

15   "known the truth about Facebook's misconduct." (Dkt. 1 [Compl.] ¶¶ 11, 71, 96, 99, emphasis added.)[4]

16   The Court therefore need not credit these contradictory allegations, which also were added after

17   Plaintiff's deposition. *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744

18   F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradict an earlier

19   assertion made in the same proceeding." (quotation marks omitted)); *United States. v. Corinthian*

20   *Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured

21   with additional allegations . . . that do not contradict the allegations in the original complaint."

22   (quotations marks omitted)). And the allegations that remain—that Plaintiff would not have paid

23   anything if it had known about Facebook's alleged misrepresentations (Dkt. 148 [FAC] ¶¶ 148, 151,

24   161, 168, 169)—further support summary judgment here. *Pharmavite*, 2019 WL 109446, at *6

25   (dismissing injunctive relief claim where plaintiffs alleged "had [they] known the truth about

26

27   _____

     [4] In moving for class certification, Plaintiff asserted that Facebook advertising "does not work."
28   (Dkt. 156 at 23.) This statement further undermines any claim that Plaintiff would advertise on
     Facebook in the future but would pay less for any such advertisements.

[Pharmavite's] misrepresentations, [they] would not have purchased the Biotin Product" (citation and quotation marks omitted)); *see also Min Sook Shin v. Umeken USA, Inc.*, 773 F. App'x 373, 374 (9th Cir. 2019) (affirming dismissal of claim "seeking injunctive relief for lack of Article III standing" because the plaintiff alleged that the product was "worthless" and "a plaintiff certainly will not purchase a worthless product in the future").

*Second*, Plaintiff's class-certification declaration is "clear[ly] and unambiguous[ly]" inconsistent with its deposition testimony and can therefore be disregarded as a "sham" for purposes of summary judgment. *Van Asdale*, 577 F.3d at 998–99.

Courts in the Ninth Circuit regularly reject declarations as "shams" if there is ample "opportunity to describe" an important detail during a deposition in response to questioning, but the detail is instead provided in a later declaration. *Otyang v. City & Cty. of S.F.*, No. 12-00577 MEJ, 2013 WL 843565, at *6 (N.D. Cal. Mar. 6, 2013).  For example, another district court in this Circuit rejected a "sham" declaration that attempted to provide additional explanations for an employee's termination, even though the employee had already been asked an open-ended question in his deposition—"[d]o you think you were fired for any other reason?"—and answered "no." *Welsh v. Trimac Transp. Servs. (Western) Inc.*, No. 11-01625, 2014 WL 12617737, at *3 (D. Ariz. Mar. 31, 2014).  Similarly, in another case in this District, an agricultural worker's declaration that added new incidents of discrimination not identified in the worker's deposition was a "sham" because the worker was "given ample opportunity at his deposition to raise the issue," and he had failed to do so. *Martinez v. Marin Sanitary Serv.*, 349 F. Supp. 2d 1234, 1243 (N.D. Cal. 2005).

The same is true here.

Only later, when the importance of Article III standing "became apparent" upon the filing of Plaintiff's Motion for Class Certification and the ruling on the Motion to Dismiss the FAC, did Plaintiff add a declaration to re-write its sworn deposition testimony.  The Court should disregard Plaintiff's "sham" declaration for this reason.  *See, e.g.*, *Piveg, Inc. v. Gen. Star Indemnity Co.*, 193 F. Supp. 3d 1138, 1147 (S.D. Cal. 2016) (striking inconsistent portions of a declaration under the "sham affidavit rule"); *In re iPhone App. Litig.*, 6 F. Supp. 3d 1004, 1019 (N.D. Cal. 2013) (disregarding declarations that "endeavor[ed] to contradict prior deposition testimony in which [plaintiffs] acknowledged that they had not read Apple's alleged misrepresentations regarding privacy prior to purchasing their iPhones").

Nor is this the only inconsistency in Plaintiff's new declaration. ██████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Plaintiff claims in its declaration that its statement of its true future intent in its deposition was incomplete because "Facebook's counsel . . . did not ask [IMB] whether IMB would resume advertising on Facebook's website in the future if IMB could rely on Facebook's representations concerning its targeting accuracy."  (Dkt. 156-1.) ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████ *See Jones v. ConAgra Foods, Inc.*, No. 12-01633 CRB, 2014 WL 2702726, at *13 (N.D. Cal. June 13, 2014) (no Article III standing because the plaintiff "could have testified" that he might purchase the products "in the future if they were properly labeled," but he "did not so testify").  The rules do not require a party to exhaust every possible permutation of this questioning in a 7-hour deposition.  Rather, it is incumbent on the witness to provide its complete and truthful testimony—particularly where, as here,  the testimony is about subjects within its exclusive knowledge.

19

1   The Court should reject Plaintiff's self-serving, litigation-driven efforts to evade its prior testimony

2   simply to maintain a claim for forward-looking injunctive relief.

3          The change in testimony via declaration—thirteen months later and after hiring new counsel—

4   is therefore "not an elaboration or clarification of his prior testimony, but a new version" of the facts.

5   *Otyang*, 2013 WL 843565, at *6.   Nor can the new declaration be construed as about "newly-

6   remembered facts, or new facts, accompanied by a reasonable explanation," *Yeager v. Bowlin*, 693

7   F.3d 1076, 1081 (9th Cir. 2012), or as needed to resolve an "honest discrepancy" or confusion, *Van*

8   *Asdale*, 577 F.3d at 999 (quoting *Messick v. Horizon Indus.*, 62 F.3d 1227, 1231 (9th Cir. 1995)).   The

9   Court should therefore disregard Plaintiff's "sham" declaration in ruling on this Motion.   *See, e.g.*,

10  *Ward v. Cty. of Siskiyou*, 816 F. App'x 51, 54 (9th Cir. 2020) (affirming decision to strike affidavit that

11  added details to previous deposition testimony); *Russell v. Pac. Motor Trucking Co.*, 672 F. App'x 629,

12  630 (9th Cir. 2016) (affirming decision that affidavit was a "sham" where the plaintiff testified in his

13  deposition that nobody told him about a lease period and later submitted a declaration stating that

14  someone had told him about the lease period).

15         Even if the Court were to conclude that the declaration is not a "sham," it should still grant this

16  Motion because Plaintiff's declaration does not identify any "concrete plans"—such as what type of ad

17  campaign it would run, what the campaign's purpose would be, and/or how much Plaintiff would pay

18  for the ads—that would support Article III standing.   *Lanovaz*, 726 F. App'x at 591.   As the Supreme

19  Court has explained, "[s]uch 'some day' intentions—without any description of concrete plans, or

20  indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or

21  imminent' injury."   *Lujan*, 504 U.S. at 564; *see also Snake River Farmers' Ass'n, Inc. v. Dep't of*

22  *Labor*, 9 F.3d 792, 798 (9th Cir. 1993) (holding that a farmworker's declaration that he was "looking"

23  for agricultural work and was "still interested in future employment" indicated a mere "'some day'

24  speculative possibility" of future injury that was insufficient to show standing to enjoin wage

25  regulations).   ████████████████████████████████████████████

26  ██████████████████████████████████████████████████████████   Nor has

27  Plaintiff posted anything on its Facebook page since December 2015.   Investor Village Facebook Page,

28  https://tinyurl.com/3w9dmwuc   (last visited   Feb. 11, 2021).   For all of these reasons, Plaintiff's

20

1  declaration cannot manufacture Article III standing.

2                              *      *      *

3          In sum, Plaintiff's deposition testimony establishes that Plaintiff lacks Article III standing to

4  seek injunctive and declaratory relief, and Plaintiff cannot meet its burden to create a disputed issue of

5  material fact by citing its "sham" declaration or amended allegations.  The Court should therefore grant

6  partial summary judgment to Facebook on Plaintiff's claim for forward-looking injunctive relief such

7  that Plaintiff is limited to seeking monetary damages in this action.

8  **B.      Plaintiff Also Lacks Standing To Pursue Declaratory Relief**

9          For the same reasons as those explained above, Plaintiff lacks Article III standing to pursue

10 declaratory relief.  Like a claim for injunctive relief, a claim for declaratory relief is about remedying

11 "future harm," not "past injur[ies]."  *S.D. Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th

12 Cir. 1996); *see also Edejer v. DHI Mortg. Co.*, No. 09-1302 PJH, 2009 WL 1684714, at *11 (N.D. Cal.

13 June 12, 2009) (applying California law and explaining that "[t]he purpose of a declaratory judgment

14 is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have

15 already occurred").  Thus, "[f]or purposes of declaratory relief, 'past exposure to illegal conduct does

16 not in itself show a present case or controversy . . . if unaccompanied by any continuing, present

17 adverse effects.'"  *Santillan v. City of Reedley*, No. 07-391, 2007 WL 1847661, at *6 (E.D. Cal.

18 June 27, 2007) (quoting *Lyons*, 461 U.S. at 102).  Instead, a plaintiff seeking declaratory relief based

19 on a claim of future injury must show that "the threatened injury is 'certainly impending,' or there is a

20 'substantial risk' that the harm will occur."  *Susan B. Anthony v. Driehaus*, 573 U.S. 149, 158 (2014)

21 (quoting *Clapper*, 568 U.S. at 409, 414 n.5).

22 ███████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████

24 ████████████████████—there is no evidence of a substantial risk of future harm.  *S.D. Cty.*, 98 F.3d at

25 1133 (no standing to seek declaratory and injunctive relief because there was no showing of actual or

26 imminent harm).  Thus, Plaintiff lacks standing to pursue declaratory relief, too.  *See id.*; *Breck v.*

27 *Doyle*, 796 F. App'x 333, 336 (9th Cir. 2019) (no standing to pursue "injunctive or declaratory relief"

28 because plaintiff could not demonstrate he was "immediately in danger of sustaining some direct

injury . . . , precluding the issuance of prospective relief" (citation and quotation marks omitted)); *Bailey v. Anthem Blue Cross Life & Health Ins. Co.*, No. 16-04439 JSW, 2018 WL 10604451, at *3–4 (N.D. Cal. Dec. 7, 2018) (no standing to pursue injunctive relief for "past exposure" and thus no standing "to sue for declaratory relief that . . . past rights were violated").

## VI.    CONCLUSION

Plaintiff has not paid for any advertising at all since it ran a minimal amount of advertising in 2015 and 2016, ███████████████████████████████████████████ Accordingly, there is no evidence that Plaintiff intends to use Facebook for advertising in the future—despite its "sham" declaration to the contrary—and it lacks Article III standing to seek forward-looking injunctive or declaratory relief.  The Court should grant Facebook's Motion and grant partial summary judgment on Plaintiff's requests for injunctive and declaratory relief so that Plaintiff is limited to pursuing its original goal of seeking monetary relief in this action.

Respectfully submitted,

Dated:  February 12, 2021          GIBSON, DUNN & CRUTCHER LLP

By:      /s/  *Christopher Chorba*
              Christopher Chorba

*Attorneys for Defendant Facebook, Inc.*