UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRITYMESSAGEBOARDS.COM,<br>　　　　Plaintiff,<br>　　v.<br>FACEBOOK, INC.,<br>　　　　Defendant. | Case No. 18-cv-05286-PJH<br><br>**ORDER RE DEFENDANT'S PRE-DISCOVERY MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 162, 163, 165 |

　　　　The court is in receipt of defendant's motion for partial summary judgment on plaintiff's claims for forward-looking injunctive and declaratory relief.  Dkt. 162; Dkt. 161 (sealed version).  In a footnote, defendant asserts that "[g]iven the limited nature of this Motion, Facebook reserves the right to seek summary judgment on all of Plaintiff's claims at a later stage of the proceedings.  Facebook recognizes that it must seek leave of Court for any subsequent motion for summary judgment."  Dkt. 161-4 at 3 n.*.

　　　　As defendant is apparently aware, the court's standing order generally permits only one motion for summary judgment per side.[1]  The court reiterates that rule today.  Defendant may elect to proceed on the instant motion for partial summary judgment.  However, the court cautions defendant that, if it does so, the court will ***not*** permit it to file another.  Contrary to defendant's suggestion, Rule 56 does not permit multiple motions for summary judgment.  The court further notes that the instant motion is not "limited" in nature.  Instead, it features a 30-page opening brief citing to multiple exhibits comprising over 100 pages of information.  Dkt. 161.  It further appears that defendant is using this

---

[1] https://www.cand.uscourts.gov/wp-content/uploads/judges/hamilton-pjh/PJH_Civil-Pretrial-Instructions.pdf

motion as a second attempt to accomplish what it failed to do on its recent motion to dismiss.  Compare Dkt. 147 (denying defendant's request to dismiss plaintiff's forward-looking claims for equitable relief).

In the event defendant wishes to proceed with its early motion for partial summary judgment, then the court **GRANTS** the parties' stipulated briefing schedule as it pertains to that motion.  Dkt. 163.  The court also **GRANTS IN PART** and **DENIES IN PART** the parties' stipulated briefing schedule as it pertains to any motion to seal filed by plaintiff.  Dkt. 165.  Plaintiff may *not*, however, file a reply in support of such motion.  Going forward, the court will not permit a party to file a reply in support of a motion to seal.  Thus, in the event defendant proceeds with its motion for partial summary judgment, the following briefing schedule applies:

- Deadline for plaintiff to file opposition to partial MSJ: **March 19, 2021**.
- Deadline for defendant to file reply in support of partial MSJ: **April 2, 2021**.
- Deadline for plaintiff to file any motion to seal re the motion for partial MSJ: **February 22, 2021**.
- Deadline for defendant to file any opposition to plaintiff's motion to seal: **March 10, 2021**.
- Consolidated hearing on motions for partial MSJ, class certification, and any motions to seal: **May 13, 2021** (or at the court's convenience).

Defendant may withdraw its motion for partial summary judgment within seven days of this order.  In the event it does, then the pending motion for class certification is set for hearing via Zoom on April 29, 2021 at 1:30 pm (*not* April 28, 2021, as incorrectly noticed by plaintiff).

**IT IS SO ORDERED.**

Dated: February 16, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge