**POMERANTZ LLP**
Jordan L. Lurie (SBN 130013)
Ari Y. Basser (SBN 272618)
1100 Glendon Avenue, 15th floor
Los Angeles, CA  90024
Phone: (310) 432-8492
Fax:     (310) 861-8591
Email: jlurie@pomlaw.com
Email: abasser@pomlaw.com

**WOHL & FRUCHTER LLP**
Joshua Elazar Fruchter (*admitted pro hac vice*)
25 Robert Pitt Drive, Suite 209G
Monsey, NY  10952
Phone: (845) 290-6818
Fax:     (718) 504-3773
Email: jfruchter@wohlfruchter.com

**MOLOLAMKEN LLP**
Steven F. Molo (*admitted pro hac vice*)
Lauren F. Dayton (*admitted pro hac vice*)
Leonid Grinberg (*admitted pro hac vice*)
430 Park Avenue
New York, NY  10022
Phone: (212) 607-8160
Fax:     (212) 607-8161
Email: smolo@mololamken.com
Email: chayes-deats@mololamken.com
Email: ldayton@mololamken.com
Email: lgrinberg@mololamken.com

Megan Cunniff Church (*admitted pro hac vice*)
300 North LaSalle Street, Suite 5350
Chicago, IL  60654
Email: mchurch@mololamken.com

Caleb Hayes-Deats (*admitted pro hac vice*)
Eugene A. Sokoloff (*admitted pro hac vice*)
600 New Hampshire Ave., N.W., Suite 500
Washington, D.C.  20037
Email: chayes-deats@mololamken.com
Email: esokoloff@mololamken.com

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| INTEGRITYMESSAGEBOARDS.COM, LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>        v.<br><br>FACEBOOK, INC.<br><br>                        Defendant. | Case No. 4:18-cv-05286 PJH-JCS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE TEN DECLARATIONS (DKT 170-5, APP. 1369-1405) SUBMITTED BY DEFENDANT FACEBOOK, INC., AND TO EXCLUDE EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: April 29, 2021<br>Time: 1:30 P.M.<br>Courtroom: Oakland Division, Courtroom 3, Third Floor (via Zoom) |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 29, 2021 at 1:30 pm in Courtroom 3 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, via Zoom, Plaintiff IntegrityMessageBoards.com, LLC ("IMB") will and hereby does move for an order under Rule 37(c)(1) of the Rules of Civil Procedure for an order striking the following ten declarations (Dkt. 170-5, App. 1369-1405) submitted by Defendant Facebook, Inc. in opposition to IMB's Motion to Certify Class (Dkt. 156): (1) Declaration of Jeremy Howie (App. 1369-72); (2) Declaration of Brandon Lupo (App. 1373-75); (3) Declaration of Helen Annette Njau (App. 1376-78); (4) Declaration of Savannah Sanchez (App. 1379-82); (5) Declaration of Maria-Angela Sanzone (App. 1383-86); (6) Declaration of Ben Smith (App. 1387-90); (7) Declaration of Dennis Yu (App. 1391-93); (8) Declaration of Larry Kim (App. 1394-97); (9) Declaration of Monique Wilsondebriano (App. 1398-1400); and (10) Declaration of Lauren Petrullo (App. 1401-05).

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

Dated: March 24, 2021                    Respectfully submitted,

By: */s/ Steven F. Molo*
Steven F. Molo
Megan Cunniff Church
Caleb Hayes-Deats
Eugene A. Sokoloff
Lauren F. Dayton
Leonid Grinberg
**MOLOLAMKEN LLP**

By: */s/ Jordan L. Lurie*
Jordan L. Lurie
Ari Y. Basser
**POMERANTZ LLP**

By: */s/ Joshua E. Fruchter*
Joshua Elazar Fruchter
**WOHL & FRUCHTER LLP**

*Counsel for Plaintiff and the Proposed Class*

## INTRODUCTION

Facebook's Opposition to IMB's Motion to Certify Class attaches ten declarations from witnesses ***Facebook did not disclose until the day it filed their testimony***. That late disclosure violated Facebook's obligations under Rule 26(e) and this Court's September 23, 2020 order. Accordingly, IMB respectfully requests that the Court strike the declarations under Rule 37(c)(1).

Rule 26(e) mandates supplemental disclosure of the names of individuals with discoverable information "in a timely manner." Rule 37(c)(1) "'put[s] teeth into'" these requirements by automatically excluding evidence from individuals whose identities were not timely disclosed, unless the untimely disclosure was substantially justified or is harmless. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014).

The Court's September 23, 2020 order made November 23, 2020 the deadline "for parties to supplement their Initial Disclosures for purposes of class certification." Dkt. 143 at 3, 7; Declaration of Lauren F. Dayton ("Dayton Decl.") ¶3. And it obligated them to disclose any evidence that could not have been anticipated by that deadline "*as soon as it becomes clear they will need to rely on this information*." Dkt. 143 at 3-4 n.1 (emphasis added). On November 23, 2020, Facebook served its first supplemental disclosure. Dayton Decl. ¶5. Without mentioning any names, Facebook indicated that it might seek to introduce evidence from "advertisers" that "are part of the putative class," and committed to identify such advertisers "*as they become known*." *Id.* ¶7 (emphasis added).

Facebook delayed for more than three months, springing the names of those "advertisers" on IMB the very day it filed its opposition to class certification. Facebook's March 3, 2021 second supplemental disclosure identified, for the first time ten individuals described as advertisers, representatives of "ad agencies, consultants, and marketing partners." Dayton Decl. ¶10. ***Later that same day***, Facebook filed its opposition to IMB's motion for class certification, attaching declarations from these individuals that lavished praise on Facebook's advertising platform. Dkt. 170-5 (App. 1369-1405).

The length and detail of the declarations make plain that Facebook did not discover these declarants for the first time on the morning before filing its opposition. Rather, Facebook sandbagged IMB until the last minute, despite its obligations under Rule 26, this Court's September order, and its own commitment to disclose such individuals "as they become known."

Rule 37(c)(1) forbids that kind of gamesmanship. As this Court recently explained in a decision barring evidence under Rule 37(c)(1), the rule's "automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *Rodriguez v. Akima Infrastructure Servs., LLC*, No. 16-CV-03607-PJH, 2019 WL 5212968, at *2 (N.D. Cal. Oct. 16, 2019) (quoting Fed. R. Civ. P. 37(c)(1) adv. comm. note to 1993 amend.). It reflects the inescapable prejudice to a party that faces a late-breaking disclosure. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008). And it requires parties "'to try cases on the merits, not by surprise, and not by ambush.'" *Rodriguez*, 2019 WL 5212968, at *4.

It is clear that after more than two years of litigation, Facebook understands the weakness of its case and feels the need to play fast and loose with the rules. This Court should bar Facebook's desperate maneuver and consider the abundant evidence of Facebook's fraud and class-wide harm brought properly before it.[1]

**ARGUMENT**

Rule 37(c)(1) bars individuals whose identity was not timely disclosed from supplying evidence on a motion. *See Ollier*, 768 F.3d at 861. That remedy is "'self-executing'" and "'automatic.'" *Rodriguez*, 2019 WL 5212968, at *2. It applies "'without need for a motion,'" *id.*, or a showing of "bad faith or willfulness," *Yeti by Molly*, 259 F.3d at 1106. And it applies whether or not the party violated a court order, as Facebook unambiguously did here. The bar is subject to just two exceptions: if the "'party facing sanctions'" proves "'that its failure to disclose the required information was substantially justified or is harmless.'" *Rodriguez*, 2019 WL 5212968, at *2. Facebook cannot meet that burden.

**I.   FACEBOOK'S GAMESMANSHIP IS NOT "SUBSTANTIALLY JUSTIFIED"**

The Court's September order formalized the parties' agreement to disclose new information "as soon as it becomes clear they will need to rely on" it. Dayton Decl. ¶ 4. Facebook's November disclosure

---

[1] Although Local Civil Rule 37-4 provides that a party moving for certain sanctions under Fed. R. Civ. P. 37 must describe its efforts to secure compliance without intervention by the Court, that rule does not apply to requests for relief under Rule 37(c)(1) under *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (holding that a "local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable").

went further, committing Facebook to identify any "advertisers" that "are part of the putative class" "*as they become known*." *Id.* ¶7 (emphasis added).  That did not happen.

Instead, Facebook violated this Court's order and breached its representations, waiting until the day it filed its opposition papers to disclose declarants whose testimony it relies on extensively in its brief.  *See* Dkt. 170 at 6, 20-22, 28-29.  The declarations obviously took substantial time to prepare in consultation with Facebook's counsel.  And the declarants purport to have longstanding ties to Facebook.  *See* Dkt. 170-5 (App. 1369-1405).  So this is plainly not a case in which Facebook's untimely disclosure can be attributed to "reasons that were outside" its "control."  *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 521 (N.D. Cal. 2012).

While the parties each reserved their rights to introduce rebuttal evidence after the close of discovery, that reservation of rights was limited to evidence the parties "could not have reasonably anticipated by November 23 that they would need." Dayton Decl. ¶4.  The declarations purport to show that advertisers did not mind that Facebook's targeting was woefully inaccurate.  Facebook cannot seriously contend that it "could not have reasonably anticipated" that it might want such evidence until after it saw IMB's certification motion.  Moreover, the parties "agree[d]" as part of the Court's September order "to produce the information as soon as it becomes clear they will need to rely on this information." *Id.*  It is implausible that Facebook only realized it would need their testimony—let alone learned of their identities—on the morning that it filed its opposition.

## II.     FACEBOOK'S UNTIMELY DISCLOSURE IS NOT "HARMLESS"

Rule 37(c)'s automatic bar reflects the fact that belated disclosures are extraordinarily disruptive.  That is especially true in cases where, as here, the undisclosed evidence "is not simply rebuttal, but central to a point in dispute between the parties." *In re Korean Ramen Antitrust Litig.*, 281 F. Supp. 3d 892, 939 (N.D. Cal. 2017).  "The last thing a party or its counsel wants in a hotly contested lawsuit is to make last-minute preparations and decisions on the run." *Ollier*, 768 F.3d at 863.  "A party might be able to scramble to make up for the delay," occasioned by an untimely disclosure, "but last-minute discovery may disrupt other plans." *Id.* (finding that delayed disclosure was not harmless for this reason).

That is certainly the case here.  IMB's deadline to reply to Facebook's opposition to certification is 21 days away—a mere 42 days after it received Facebook's affidavits.  That makes it impossible for

IMB to take discovery from the declarants without seeking additional time to prepare its reply brief. That is unacceptable.

Facebook's last-minute disclosure shows that most of the declarants are representatives of "ad agencies, consultants, and marketing partners." Dayton Decl. ¶10. They cannot speak to what *class members* saw, understood, and expected from Facebook. Moreover, a rudimentary Internet search reveals that at least some of the declarants have connections to Facebook that render their wholehearted endorsements suspect. *Id.* ¶¶11-12.[2] And other public statements declarants have made suggest that they benefit financially from touting Facebook's narrative. *See, e.g., id.* ¶¶15-16. Yet Facebook's failure to disclose these witnesses in time makes it all but impossible for IMB to probe these apparent conflicts. *See, e.g., Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 681 (N.D. Cal. 2015) (untimely disclosure not harmless where it precludes discovery into newly proffered defense).

The briefing on class certification has already been extended three times. Forcing the parties and the Court to change their schedules is exactly the kind of harm Rule 37(c)(1) is intended to deter. *See Hoffman*, 541 F.3d at 1180 (disclosure that required "modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless"); *Ollier*, 768 F.3d at 863 ("The late disclosure of witnesses throws a wrench into the machinery of trial . . . last-minute discovery . . . impairs the ability of every trial court to manage its docket."). And extending the schedule here would be especially unfair because it would let Facebook reap the benefit of additional delay from its own misconduct.

## CONCLUSION

For these reasons, IMB respectfully asks the Court to strike the ten declarations submitted by Facebook in opposition to IMB's motion for class certification at Dkt. No. 170-5 (App. 1369-1405).

---

[2] *See also* Dayton Decl. Ex. C at PDF 5 (screenshot from declarant's website noting that "[b]eing selected as a Facebook SMB Council Member is one of his highest and proudest achievements in life"); Dayton Decl. Ex. D at PDF 3-4 (Facebook webpage listing two declarants as members of Facebook's SMB Council); Dayton Decl. Ex. E at PDF 2 (Facebook webpage describing how it "empower[s] our [Small Business Council] members with the resources and education they need to grow their businesses and communities").

| | |
|---|---|
| Dated: March 24, 2021 | Respectfully submitted, |
| | By: */s/ Steven F. Molo* <br> Steven F. Molo <br> Megan Cunniff Church <br> Caleb Hayes-Deats <br> Eugene A. Sokoloff <br> Lauren F. Dayton <br> Leonid Grinberg <br> **MOLOLAMKEN LLP** |
| | By: */s/ Jordan L. Lurie* <br> Jordan L. Lurie <br> Ari Y. Basser <br> **POMERANTZ LLP** |
| | By: */s/ Joshua E. Fruchter* <br> Joshua Elazar Fruchter <br> **WOHL & FRUCHTER LLP** |
| | *Counsel for Plaintiff and the Proposed Class* |